[No 228.  Decided July 8, 1891.]

THE CITY OF SPOKANE FALLS v. A. P. CURRY.

JUDGMENT BY DEFAULT — MOTION TO SET ASIDE — SERVICE OF COMPLAINT.

A motion to set aside a judgment by default is within the discretion of the trial court to grant or deny.

Judgment upon failure to answer can be entered, as of course, without proof of the plaintiff's demand, under Code 1881, § 289, subdivision 1, only where the summons and complaint have been served upon the defendant, and proof of such service filed with the clerk; and § 289 is in no way modified or repealed by the act of February 2, 1888, which makes it no longer necessary that a copy of the complaint be served in order to acquire jurisdiction over the person of a defendant.

*Appeal from Superior Court, Spokane County.*

Action by A. P. Curry against the city of Spokane Falls to recover for services as police justice. Judgment for plaintiff by default on defendant's failure to answer. Motion by defendant to set aside the judgment on the ground that he failed to answer because he thought the city had no meritorious defense, but subsequent to default he had learned that the city had what he believed to be a good, sufficient and legal defense. Motion denied.

*P. F. Quinn, James B. Jones,* and *C. S. Voorhees,* for appellant.

*Turner & Graves,* and *W. C. Jones,* for appellee.

The opinion of the court was delivered by

STILES, J. — Respondent obtained a default judgment against the appellant, and subsequently, upon affidavit of its city attorney, the latter sought to have the judgment set aside, and to be permitted to appear and defend. The motion to set aside was denied, and the appeal is here upon

two grounds, viz.: (1) Error in refusal to set aside the judgment upon the ground mentioned; and (2) error in entering judgment *pro confesso*, where no copy of the complaint had been served on the defendant. Upon the first ground we cannot interfere, as it was within the discretion of the court entirely whether to grant the motion or not. Besides which, there was little merit in the affidavit, which showed no more than neglect on the part of the city's officers; and the affidavit and proposed answer are not properly here, they not having been made a part of the record by statement or bill of exceptions. *Windt v. Banniza, ante,* p. 147.

But upon the second ground we are constrained to hold with the appellant. Section 289, Code 1881, subdivision 1, provides for the only instance where judgment can be entered upon failure to answer, as of course, without proof of the plaintiff's demand. The prerequisite is that the summons and complaint shall have been served upon the defendant, and that proof of such service shall have been filed with the clerk. No change in this law has been made. The respondent urges that because the act of February 2, 1888 (Laws 1887–8, p. 24), made it no longer necessary, for the acquirement of jurisdiction over the person of a defendant, that a copy of the complaint be served, we should therefore hold that § 289 was *pro tanto* repealed or modified. But the reason of the matter does not seem to be with that contention. The two things have no relation whatever to each other, and there is no evidence that the legislature intended to make any change in the proceedings upon application for judgment. We cannot presume that there was other service than is shown by the record, for the sake of the general rule that courts of record proceed regularly. The return of service clearly shows service of the summons only, and the order for judgment shows no testimony to have been taken or considered.

The judgment must be reversed, and leave granted to

the appellant to apply to the court below to set aside the default, under § 290 of the code.

ANDERS, C. J., and HOYT, SCOTT, and DUNBAR, JJ., concur.