[No. 1560. Decided October 27, 1894.]

VERONA MUNCH, *Appellant*, v. ROBERT McLAREN, *Respondent*.

VALIDITY OF JUDGMENT — COLLATERAL ATTACK.

Although the form of a deficiency judgment in foreclosure proceedings may be objectionable, yet where it clearly appears therefrom that it was the intent of the court to have the mortgaged property first sold, and, if the proceeds were not sufficient to pay the amount due, that execution over should be had for the remainder, a collateral attack on the ground of want of form will not be sustained.

The failure to serve defendants with a copy of the complaint in foreclosure proceedings does not render the decree therein void, but at most it is only erroneous, and cannot be attacked on that ground in a collateral proceeding.

*Appeal from Superior Court, Spokane County.*

*Feighan, Wells & Herman,* and *J. W. Merritt,* for appellant. ·

*Jones, Belt & Quinn,* for respondent.

The opinion of the court was delivered by

HOYT, J. — This action was brought to have the lien created by the filing of a judgment in Adams county upon lands owned by plaintiff removed and canceled, upon two grounds; one that the judgment was entirely void, the other that that portion of it was void which purported to authorize the collection of any deficiency that might result after the sale of the property covered by the mortgage against which the foreclosure proceedings were had.

The last objection has not been argued to any great extent, and we shall content ourselves with the statement in regard thereto, that, though the form of the decree is somewhat objectionable, there is nothing to show that anybody could have been injured thereby, and it appears clearly therefrom that it was the intent of the court to have the mortgaged property first sold, and if the proceeds therefrom were not sufficient to pay the amount due, that execution over should be had for the remainder. This being so, a collateral attack on the ground of the want of form should not be sustained.

The other objection is founded upon the alleged fact that it does not appear from the record in the case in which the decree was rendered that a copy of the complaint was ever served upon the defendant, and that for that reason there was no authority in the court to render a judgment by default.    It may well be questioned whether it can be assumed for the purposes of this action that there was no service of the copy of the complaint.    It is true that it does not affirmatively appear from the record that such was the

fact, but it does appear therefrom that the court had jurisdiction of the parties and of the subject matter, at least for certain purposes, and it might well be held that under these circumstances the rightfulness of the action of a court of general jurisdiction would be presumed in favor of the validity of the judgment when attacked collaterally.

But even if it is true that no copy of the complaint was ever served, it would not follow that the judgment would be void. The contention of the appellant that such would be the fact is founded largely upon what was said by this court in the case of *Spokane Falls v. Curry*, 2 Wash. 541 (27 Pac. 477). But what was said in that case must be construed in the light of the facts before the court at the time the decision was rendered. In that case the judgment was attacked directly by a proceeding authorized by the statute, and it was the duty of the court to have set it aside if there had been any irregularity in the proceeding leading up to its entry. And under this state of facts, when this court said that the service of a copy of the complaint was a prerequisite to the entry of a judgment by default, it in effect only held that to enter judgment without such service was an irregularity which should reverse the judgment on appeal or set it aside, when directly attacked, in a proper proceeding. It cannot be gathered therefrom that this court intended to hold that a judgment rendered without such service would be void; on the contrary, we think it clearly appears from that case, taken as a whole, that it was only decided therein that the court committed an error in entering the judgment without service of a copy of the complaint having been made and proved.

In addition to her reliance upon this case the appellant has cited a large number of other cases, and from them has sought to establish the proposition that the judgment of a court of general jurisdiction rendered upon default will be

void, unless from the record it affirmatively appears that all the steps required by the statute to authorize a default judgment have been taken. But in our opinion the cases cited do not warrant the conclusion drawn therefrom. By the filing of the complaint the court obtains jurisdiction of the subject matter, and by the service of the summons, of the person of the defendant; and every fact not negatived by the record will be presumed in aid of the judgment, and it will only be held void when it affirmatively appears from the record that the court had no jurisdiction to render it. If the service of a copy of the complaint had been a part of the process necessary to bring the defendant into court, there might be some foundation for the contention of appellant; but, under the statute in force at the time the action in which the judgment in question was rendered was commenced, the service of the summons alone was all that was required to give the court jurisdiction of the person of the defendant; and all other steps required had no force so far as the question of jurisdiction of the person and of the subject matter was concerned. If required, it was error on the part of the court to proceed without them, for which the judgment would be reversed upon appeal, or set aside in a proper proceeding for that purpose.

The judgment and decree sought to be attacked in this proceeding was, at the time of its entry, at most only erroneous and not void. This being so, it could not be attacked in a proceeding like the one at bar. The judgment of the superior court will be affirmed.

DUNBAR, C. J., and STILES, SCOTT and ANDERS, JJ., concur.