[No. 1515.   Decided December 27, 1894.]

FRANK L. BALDWIN, *Respondent, v.* MILTON L. BAER ET AL., *Defendants,* W. H. SURBER ET AL., *Appellants.*

JURISDICTION OF PERSON — SERVICE OF SUMMONS — JUDGMENT— COLLATERAL ATTACK.

Under Laws 1887-8, p. 24, jurisdiction could be obtained of the person of a defendant by the service upon him of the summons prescribed in the act, and without the service of the complaint in the action, its filing with the clerk of the court being sufficient.

Where an attack is made upon a judgment in a collateral action, when it appears that the court had jurisdiction of the person and of the subject matter in the original action, it must be presumed, until rebutted, that the court continued to act within its jurisdiction throughout the case ; and, although the pleadings as filed would not support the judgment rendered, the presumption is that the court may have considered the pleadings amended to correspond with the proof offered and have entered judgment in pursuance of such amendment.

*Appeal from Superior Court, King County.*

The judgment under which  appellant  claimed a lien on the  property of M. L. Baer, was  rendered in an action brought in the superior court of Whatcom county, Washington, by appellants as  plaintiffs  against eight defendants, in-

cluding Baer, as partners doing business under the firm name of the Blaine Improvement Company. The action was upon an alleged contract for furnishing materials to the said Blaine Improvement Company for construction of a wharf, which contract was set forth in the complaint, and alleged as having been made by the said eight defendants as co-partners under the firm name of the Blaine Improvement Company. The complaint prayed for the foreclosure of an alleged mechanics' lien claimed by plaintiffs by virtue of their contract upon certain property situated in Whatcom county, and described in the complaint, and which was alleged to be owned by the eight defendants as co-partners. Only three of the defendants were personally served, and after proofs submitted by plaintiffs, a default was taken, and several judgments rendered against the three defendants upon whom service had been had.

*Burke, Shepard & Woods,* for appellants.

In a collateral proceeding to nullify a judgment, presumptions are all in favor of the judgment. *Head v. Daniels,* 38 Kan. 1 ; *Kane v. McCown,* 55 Mo. 181 : *Hilton v. Bachman,* 39 N. W. 419 ; *Hughes v. Cummings,* 2 Pac. 289 ; *Weaver v. Brown,* 6 South. 354 ; *Prince v. Griffin,* 16 Iowa, 552 ; *Hersey v. Walsh,* 38 N. W. 613 ; *Sweet v. Ward,* 23 Pac. 941 ; *MacVeagh v. Locke,* 23 Ill. App. 606. The record discloses nothing to show any loss of jurisdiction by the superior court of Whatcom county after it was once acquired. This being the case, the court had full power to enter judgment in the matter as it did, and the judgment entered was proper, regular, and in accordance with law. *Murzynowski v. Delaware, etc., R. R. Co.,* 15 N. Y. Supp. 841 ; *Brooks v. Mayor of New York,* 10 N. Y. Supp. 773 ; *Pendexter v. Cole,* 20 Atl. 331 ; *Coit v. Haven,* 30 Conn. 190.

Even if the findings of fact and conclusions of law were erroneous or entirely wanting, this would furnish no ground for attacking the judgment collaterally. Vanfleet, Collateral Attack, § 702 ; *Breeze v. Doyle,* 19 Cal. 102 ; *Bordages v. Higgins,* 19 S. W. 446 ; *Garner v. State,* 28 Kan. 790 ; *Doty v. Sumner Bros.,* 12 Neb. 378 ; *Connelly v. Edgerton,* 22 Neb. 82 ; *McCleskey v. State,* 23 S. W. 518.

*Greene & Turner,* for respondent.

In order to render a valid judgment, *i. e.,* a judgment which is not void, the court must have not only jurisdiction of the person and of the

general subject matter of the action, but it must have also in the case before it power to render the particular judgment rendered. 1 Black, Judgments, § 242; *Munday v. Vail*, 34 N. J. Law, 418; *Reynolds v. Stockton*, 140 U. S. 270; *Reynolds v. Stockton*, 43 N. J. Eq. 211; *Seamster v. Blackstock*, 83 Va. 232; *Corwithe v. Griffing*, 21 Barb. 9; *Unfried v. Heberer*, 63 Ind. 67; *McFadden v. Ross*, 108 Ind. 512; *Lavell v. McCurdy's Ex'rs.*, 77 Va. 763; *Waterman v. Lawrence*, 19 Cal. 210; *Strobe v. Downer*, 13 Wis. 11; *Spoors v. Coen*, 44 Ohio St. 497; *State v. Molly*, 18 Iowa, 525; *Blacklock v. Stewart*, 2 Bay (S. C.), 363; 12 Am. & Eng. Enc. Law, pp. 244-251.

The opinion of the court was delivered by

DUNBAR, C. J.—This action was begun in September, 1893, in the superior court of King county, for the foreclosure of a mortgage given by defendant Baer to the respondent on the first day of June, 1892, the mortgage being duly recorded in the proper county. The defendant, J. L. Howe, and the appellants, W. H. Surber and Frank Eagan, were made parties defendant to the action, on the ground that they claimed some interest in the mortgaged premises, the complaint alleging that said interest was subsequent and subject to the plaintiff's mortgage. The appellants, Surber and Eagan, filed an answer denying any knowledge or information sufficient to form a belief as to most of the allegations of the complaint, and denying generally and specifically that their lien and interest in the premises described in the complaint was subsequent or inferior to the mortgage which the action was brought to foreclose. They also set up as an affirmative defense that in February, 1891, they recovered in the superior court of Whatcom county, in the state of Washington, a judgment against certain parties defendant, among whom was one of the defendants to this action, Milton L. Baer, for the sum of $2,855.25, with interest, and costs, setting forth a copy of such judgment in the answer; that after obtaining said judgment, viz., on the 13th day of April, 1891, a certified copy of the judgment of the superior court of Whatcom county was duly filed for record and duly recorded in the office of the auditor of King county; and alleged that the same became a lien upon the property in con-

troversy upon which the plaintiff was seeking to foreclose his mortgage, and that the judgment of the appellants was a prior and superior lien and incumbrance upon the property described in the plaintiff's complaint.   The reply of the plaintiff denied the material allegations of the affirmative defense of defendants Surber and Eagan, and set up the fact that the action referred to in the defendant's answer was an action wherein Baer and others were partners doing business under the firm name of Blaine Improvement Company; that said action was brought by plaintiffs upon a certain joint contract for the furnishing of materials for the construction of a wharf; that the plaintiffs in said action were the same persons as the defendants Surber and Eagan in this action, and that the defendant M. L. Baer in said action was the same person as the defendant Milton L. Baer in this action, and that the defendant Milton L. Baer was never at any· time served with any copy of the complaint in said action in the superior court of Whatcom county, but that notwithstanding no complaint was served upon the said Baer, the superior court of Whatcom county attempted, by a certain illegal, unauthorized and void entry, to enter and adjudge the default of said Baer in said action in Whatcom county, and that, in brief, judgment was entered against Baer without his ever having been served with a copy of the complaint.

Upon these issues the cause went to trial, and the court found that the judgment entered by the superior court of Whatcom county was void, upon the ground that the said court had never obtained jurisdiction of the person of the defendant Baer.   The main question to be determined, therefore, is, can the judgment of the Whatcom county court be collaterally attacked in King county; or, in other words, did the court in Whatcom county act without jurisdiction?

It is a well settled rule of law that jurisdiction having once attached in the original case, everything done within the power of that jurisdiction, when collaterally questioned, is to be held conclusive of the rights of the parties, unless impeached for fraud.   *Cornett v. Williams*, 20 Wall. 226.

Appellants cite a great many authorities in support of the proposition that mere errors or irregularities of the court must be taken advantage of by appeal, and cannot be attacked collaterally. This doctrine is so well settled that it is not necessary to discuss it here ; in fact, it is frankly conceded by respondent. His contention, however, is that it was necessary to serve the defendant with a copy of the complaint to give the court jurisdiction of the person of the defendant, and, the jurisdiction never having attached, all subsequent proceedings were absolutely void.

Sec. 59 of the Code of 1881 provides that :

" Civil actions in the several district courts in this territory shall be commenced by the filing of a complaint with the clerk of the court in which the action is brought, and the issuing of a summons thereon."

And § 62 provides that the summons shall be served by the sheriff, or his deputy, and when so served it shall be returned with the certificate or affidavit of the officer, of its service, and of the service of the copy of the complaint, to the office of the clerk from which the summons issued. However, the legislature (Laws 1887-8, pp. 24-28), passed a new law providing for the commencement of civil actions, providing that civil actions in the several district courts of this Territory may be commenced by filing a complaint and issuing summons signed by the clerk of the court and under the seal of the court, giving the form of summons, providing for the manner of serving the summons, and making other provisions for filing a copy of the complaint. So that it seems plain to us that under the provisions of this law the court obtained jurisdiction of the person of the defendant by the service upon him of the summons, prescribed in the act.

If such was the case, the court having jurisdiction of the person and of the subject matter, any subsequent error committed by the court in rendering the judgment, providing, of course, the judgment rendered was such a judgment as it had power to render under the pleadings, was a mere irregularity which could not be · collaterally attacked in this

action. It appeared in this case that the judgment was entered by default, but the record shows that the witnesses were duly examined, and testimony taken on behalf of the plaintiffs therein, Surber and Eagan; that findings of fact and conclusions of law were duly filed, and upon such testimony and such findings the judgment was awarded.

It is difficult to base an argument upon the bare construction of a statute, but it seems to us that it is plain that it was the intention of the lawmakers, in the act of 1888, to establish the jurisdiction of the court over the person of the defendant when the complaint was filed and the summons prescribed by law served. This seems to have been the logic of the decision of this court in *Spokane Falls v. Curry*, 2 Wash. 541 (27 Pac. 477), and our conclusion would be borne out by the language used in that case, even were it conceded that the law of 1881 governed this action instead of the law of 1888.

It seems to us, also, that the judgment rendered in this action was such a judgment as was warranted by the pleadings in the case, or at least it was a judgment that the court would have been authorized to enter under the proofs which might have been introduced in that case. And the presumption being, that the court acted within its jurisdiction unless it clearly appears to the contrary, it will be presumed that even though the pleadings as they were filed would not support the judgment rendered, the court may have considered the pleadings amended to correspond with the proof offered, and have entered a judgment in pursuance of such amendment. It being once ascertained that the court had jurisdiction of the person and of the subject matter, the presumption will attach and continue, without it is plainly shown to the contrary, that the court continued to act within its jurisdiction to the end of the case.

The judgment will be reversed, and the cause remanded with instructions to the lower court to enter a decree declaring the judgment of the appellants a prior and superior lien to the mortgage of the respondent.

HOYT, SCOTT and STILES, JJ., concur.