[No. 2506. Decided July 29, 1897.]

FRANK KIZER, *Respondent*, v. THOMAS CAUFIELD, *Appellant*.

FORECLOSURE OF MORTGAGE — PLEADING — DEMURRER — COLLATERAL ATTACK — JUDGMENT AWARDING TAX SALE — ADVERSE TITLE.

An allegation in a complaint for foreclosure of a mortgage that one of the defendants " claims some interest in or title to said property inconsistent with the rights of the plaintiff," does not amount to an allegation of adverse title, when taken in connection with other allegations of the complaint which show that the intent of the pleader was to charge that such interest, whatever it might be, was subordinate to that of plaintiff.

The denial of a motion to strike allegations of a reply constituting a collateral attack upon a judgment is not error, as the objection on that ground should be taken by demurrer, which would raise the question of the sufficiency of the facts stated to

27—17 WASH.

17  417
19  131

17  417
25  353

17  417
28  298

17  417
31  363

17  417
32  179

17  417
34  120

17  417
L42  207

show that the judgment was void, since it is only void, and not erroneous, judgments that may be collaterally attacked.

A judgment in a suit for taxes, where the court had jurisdiction of the subject matter and of the parties, is not subject to collateral attack for mere irregularities.

A tax title acquired under sale decreed by a court of competent jurisdiction is a title paramount and hostile to that of a mortgagor and cannot be litigated in a suit for the foreclosure of a mortgage.

Appeal from Superior Court, Spokane County.—Hon. JAMES Z. MOORE, Judge. Reversed.

*Merriam & Merriam*, for appellant.
*Feighan & Ludden*, for respondent.

The opinion of the court was delivered by

ANDERS, J.—This action was instituted in the superior court of Spokane county to foreclose a mortgage on nine lots in McCarther's Addition to Spokane, executed by William Hawthorne and Leona Hawthorne, his wife, in favor of the plaintiff and respondent, on November 23, 1894. The defendant and appellant Caufield was made a party as having some interest in or claim to the mortgaged premises. The mortgagors did not appear in the cause and judgment went against them by default. The defendant Caufield answered, denying each and every allegation of the complaint except those admitted or qualified, and alleging affirmatively that a judgment and order of sale was entered in the superior court of Spokane county on November 30, 1892, in a suit for taxes assessed and levied for the year 1890, in which suit Spokane county was plaintiff and Libbie J. Everhart and William Hawthorne, as mortgagee, were defendants; that in pursuance of said order of sale the sheriff of said county sold the property described in the complaint at public auction on the 3d day of February, 1893; that at the time of said sale the said

defendant Caufield was the highest bidder and became the purchaser of said lots for the sum of $44; that said sum was duly paid to the said sheriff and a certificate of sale issued to said Caufield on the day aforesaid; that said sale has been duly confirmed by the court and that the defendant is now the holder of a deed from the sheriff of said county for the said premises; and praying that the title and lien of defendant be declared prior and paramount to plaintiff's lien.

Plaintiff, replying to the answer of the defendant, admitted the sale of the property as set out in the answer for taxes and the execution of the sheriff's deed therefor, and that said defendant is the holder of said deed, but denied that said sheriff had any warrant or authority for making said sale; and, for a defense to the affirmative matter set up in the answer, the plaintiff alleged that the county commissioners failed and refused to certify to the state board of equalization the amount of tax necessary to be raised in Spokane county in the year 1890; that the state board of equalization did not fix or determine the rate of taxation and the amount of levy, and that in fact and in truth there was no legal or proper levy for that year and no taxes levied upon said property by any authorized person or persons; that said land was sold under said pretended order of sale for a sum greatly in excess of the taxes that were due, and ought to have been levied upon said land, and that the judgment included items and amounts not authorized by law and for which said land ought not to have been sold, to-wit: the sum of $10 attorney's fee included in said judgment, and also the sum of $1 charged against said land as fee for abstract, and that each and all of said sums were not a lien upon said land or a tax upon said land, and that the sale and judgment authorizing such sale were null and void; that the sum claimed by the county of

Spokane against said land was largely in excess of the sums.
for which said land was liable for the year 1890; that the
judgment was for a sum larger than the amount legally
due and chargeable against said land as taxes, interest and
penalty; that by reason thereof the pretended judgment
was and is void and said sale and deed thereunder conveyed
no title to the defendant Caufield; and the prayer of the
reply was that the said judgment be declared to be void
and of no effect, and that the deed thereunder be canceled
and set aside, and that the defendant Caufield be adjudged
and declared to have no title or interest in the land de-
scribed in the complaint and answer herein.

The cause was tried on the issues formed by the fore-
going pleadings and, after filing its findings of fact and
conclusions of law, the court rendered a judgment in favor
of the plaintiff adjudging and decreeing the judgment in
the tax suit to be void and of no effect, and that said
sheriff's sale and the deed of said sheriff to Thomas Cau-
field is illegal and void and does not convey said property,
or any part thereof, to said Caufield and is hereby canceled
and set aside, and that Thomas Caufield have no title or
interest whatever in said described lots and that the claim
and lien of said Caufield be barred and held for naught.

From those portions of the judgment the defendant Cau-
field has appealed to this court. Concerning appellant the
complaint alleges that " one Thomas Caufield claims some
interest in or title to said property [describing it] incon-
sistent with the rights of the plaintiff; and that the lien of
the plaintiff is prior to any lien of said Thomas Caufield
against the said described lots or either of them." Appel-
lant moved the court to strike from the complaint the al-
legation that " Caufield claims an interest in the said prop-
erty inconsistent with the rights of the plaintiff," as being.
immaterial, irrelevant and redundant. The court denied

the motion and appellant excepted. We think there was no error in this ruling. It is claimed by appellant that that portion of the complaint which he moved to strike out amounted to an allegation of adverse title in the defendant, and therefore presented an issue which could not be tried in this action. But the words "inconsistent with the rights of the plaintiff" must be considered with reference to all the allegations in respect to the defendant, and, when so considered, it becomes apparent that it was merely the intention of the plaintiff to show by his pleading that the interest of the defendant, whatever it might be, was subordinate to that of the plaintiff.

The defendant also moved to strike out all of the new matter set up in the reply on the ground that the same was incompetent, immaterial, irrelevant and redundant, which motion was also denied by the court, and appellant here alleges that the ruling of the court was erroneous. The argument in support of appellant's position is that this new matter constituted a collateral attack upon the judgment set up in the answer, and that such an attack was not permissible or proper under the facts pleaded. Plaintiff doubtless intended simply to state facts showing that the judgment in the tax suit was void and of no effect, and that the sale thereunder was also void; and, that being so, it can hardly be said that the matter pleaded was either incompetent, immaterial or irrelevant. If the facts stated were insufficient to show that the judgment was void and therefore invalid, the objection should have been taken by demurrer, and not by motion. Nor do we think the motion should have prevailed on the ground that the reply was in effect a collateral attack upon the judgment in the tax proceeding. A void judgment may be attacked collaterally as well as directly. It is entitled to no consideration whatever in any court as evidence of right. But

an erroneous judgment is not necessarily void and therefore subject to attack in a collateral proceeding. When the court has jurisdiction both of the subject matter of the action and of the defendant its judgment cannot be collaterally questioned on account of mere errors or irregularities in the proceedings.

" The settled rule of law is that jurisdiction having attached in the original case, everything done within the power of that jurisdiction, when collaterally questioned, is to be held conclusive of the rights of the parties, unless impeached for fraud.

" This principle is not merely an arbitrary rule of law established by the courts, but it is a doctrine which is founded upon reason and the soundest principles of public policy. ' It is one which has been adopted in the interest of the peace of society and the permanent security of titles.' " *Belles v. Miller,* 10 Wash. 259 (38 Pac. 1052):

See, also, *Munch v. McLaren,* 9 Wash. 676 (38 Pac. 205); *Baldwin v. Baer,* 10 Wash. 414 (39 Pac. 117); *Rogers v. Miller,* 13 Wash. 82 (42 Pac. 525, 52 Am. St. Rep. 20); *Hahn v. Kelly,* 34 Cal. 391 (94 Am. Dec. 742);

This salutary and politic doctrine has been recognized from very early times by the courts of this country. As far back as the year 1800 it was announced and applied in the case of *Le Guen v. Gouverneur,* 1 Johns. Cas. 502 (1 Am. Dec. 121), by KENT, J., in the following terse and concise language:

" Every person is bound to take care of his own rights, and to vindicate them in due season, and in proper order. This is a sound and salutary principle of law. Accordingly, if a defendant having the means of defense in his power, neglects to use them, and suffers a recovery to be had against him by a competent tribunal, he is forever precluded. . . .

" The general rule is intended to prevent litigation, and to preserve peace; and were it otherwise, men would never

know when they might repose in security on the decisions of courts of justice; and judgments solemnly and deliberately given, might cease to be revered, as being no longer the end of controversy and the evidence of right.

" The principle prevails both in courts of law and of equity. In bills of review which are brought before the same tribunal to review a former decree, it is a settled maxim of equity, that no evidence of matter in the knowledge of the party, and which he might have used in the former suit, shall be the ground of a bill of review."

Now, if the judgment sought to be avoided in this case has the same force and effect as a judgment of the same or a like court in any other action, it follows that, if valid, that judgment and the sale made under it effectually and completely cut off all right and title of the defendant Hawthorne, respondent's mortgagor, to the premises in question; and the said Hawthorne, not having redeemed the same from the sale, had thereafter no interest therein subject to mortgage or sale. And that such a judgment stands upon the same footing as a judgment in an ordinary action seems to us too plain for argument. But we are, however, not without authority upon the proposition. The point was raised and expressly determined in the case of *Eitel v. Foote*, 39 Cal. 439, in which the court said that the validity of the judgment in a tax suit is to be ascertained by the same tests, has the benefit of the same presumptions, and is subject to attack in the same mode and by the same means, as a judgment in an action of any other class. The question, then, is, did the superior court have jurisdiction in the action for taxes to render the judgment which was rendered therein? We have no doubt that it had. It manifestly had jurisdiction of the subject matter, and the judgment itself recites that the defendants were duly and regularly cited to appear, that they made default in that behalf and that the default was duly and regularly entered; and

that recital, there being nothing in the record to contradict it, was an adjudication upon the point as conclusive upon all parties and their privies as the determination of any other fact in the cause. *Hahn v. Kelly, supra.*

Upon the introduction of the judgment and judgment roll in the tax case, the order of sale, the order confirming the sale and the sheriff's deed, it became obvious, if indeed it was not obvious from the answer, that the title to the mortgaged premises asserted by appellant was paramount and adverse to the title of the mortgagor Hawthorne. An issue was thus presented which should not have been tried in that case. While this court has on several occasions ruled that the question whether the claim of a defendant in a foreclosure proceeding is or is not prior to the lien of the mortgage *(Penn. Mtg. Inv. Co. v. Gilbert,* 13 Wash. 684, 43 Pac. 941; *Johnson v. Irwin,* 16 Wash. 652, 48 Pac. 345), we have, in common with nearly every other court in this country where the question has been determined, uniformly held that the title of a defendant, which is paramount and hostile to the title of the mortgagor, cannot be litigated in an action to foreclose a mortgage. *California Safe Deposit, etc., Co. v. Cheney Electric Light, etc., Co.,* 12 Wash. 138 (40 Pac. 732); *Murdoch v. Leonard,* 15 Wash. 142 (45 Pac. 751).

In *Cody v. Bean,* 93 Cal. 578 (29 Pac. 223), the court, in speaking of the impropriety of trying paramount titles to mortgaged premises in foreclosure suits, used this language:

" It has been held here, uniformly and repeatedly, that such a title cannot be litigated in an action to foreclose a mortgage. . . . For to allow such issues to be litigated in an action to foreclose a mortgage when the sale under the decree carries to the purchaser merely such title as the mortgagor had, would be to sanction a condemned practice and confuse litigation. Titles like that asserted

by appellant ' must be settled in a different action, giving rise, as they generally do, to questions of purely legal cognizance.' "

But, notwithstanding this general rule of law, the learned trial court did try and determine appellant's title, against his objection, and, in our judgment, came to an erroneous conclusion upon the facts found and stated by the court. It set aside its own judgment in the back tax-case, not for want of jurisdiction in the court to render it, but for the reasons, (1), " That said judgment and order of sale was entered for an aggregate amount of taxes against all said lots and was not rendered against each lot for taxes due thereon;" (2), " That said judgment and order of sale was rendered against all said lots for the sum of $7.56, together with penalty, interest and costs," and (3), " That said sale was made for an amount largely in excess of the taxes, penalty, interests and costs due against the said property." None of these grounds, nor all of them combined, were sufficient to justify the action of the learned trial judge. These objections were matter of defense to the original cause of action in which the judgment was rendered, but they were not matters which could be properly considered in the case at bar for the reasons already indicated. The learned counsel for respondent have cited a number of cases in their brief in support of the ruling of the court below in which courts of equity enjoined tax sales, set aside certificates of sale and tax deeds as clouds upon the plaintiff's title, and the like, but they are manifestly inapplicable to the case at bar. In those cases the sales were made, or attempted to be made, by ministerial officers in the exercise of a power expressly conferred upon them by law. And the rule in such cases is that the mode of procedure prescribed by the statute is the measure of official power. But no such rule obtains with regard to judgments of courts

of superior jurisdiction. Nor is the case of *Lockwood v. Roys*, 11 Wash. 697 (40 Pac. 346), an authority in favor of the respondent. In that case the defendant appeared and, in a proper manner and in due season, asserted his rights and appealed from the judgment which was rendered against him, and the judgment of the lower court was reversed upon the ground, among others, that the assessment of his property was not made in accordance with the statute and consequently was void. The difference between that case and the tax case here under consideration is perfectly plain and palpable.

The case of *Jones v. Driskill*, 94 Mo. 190 (7 S. W. 111), is directly in point and determines almost every proposition relied on by the respondents in accordance with our view of the law applicable to this case. That was an action of ejectment. The plaintiff had judgment in the circuit court, from which the defendant appealed. Plaintiff claimed title under a sheriff's deed to one D. P. Stratton, who purchased said real estate at execution sale on a judgment rendered by the circuit court of Cedar county against the defendant Holland in a back-tax suit, and by mesne conveyances from said Stratton to himself. The court said:

" The defendants contend that plaintiff failed to acquire defendant Holland's title to said real estate by virtue of said conveyances, because—*First*, the judgment rendered in said tax proceeding is void; *second*, the sheriff's deed fails to properly recite the judgment; and, *third*, the judgment, upon review, was set aside before the plaintiff purchased and received a conveyance of said real estate. The particular objections urged to the validity of the judgment are that the suit in which it was rendered was for delinquent taxes for the years 1869, 1871 and 1875; and that the assessor's book for 1869 was not verified as required by law; and that the taxes for 1871 and 1875 had been paid before the suit was instituted; and that the

suit was for taxes assessed upon two distinct tracts of land; and the judgment was *in solido* for the gross amount found due on both tracts.   These objections to the validity of the judgment may be considered together, for, unless they go to the jurisdiction of the court in which the judgment was rendered, they can avail the defendant nothing.   .   .   .

"The jurisdiction of the circuit court of Cedar county, upon the filing of the petition and the back-tax bill, followed by order and proof of publication of notice thereof to the defendant, Holland, became absolute and complete, alike over the subject-matter of the action, and of the person of said defendant, to determine all matters in controversy in the issue tendered by the petition.   The matter to be inquired into was, whether the amount of money claimed to be due and unpaid, as taxes upon the real estate described in the petition and tax bill, for the years therein mentioned, was in fact so due and unpaid.   The determination of this issue involved the consideration and determination of the question whether the tax claimed had been legally levied upon an assessment made in conformity to law, as well as whether the same remained due and unpaid, and chargeable upon the lands described.   These were the issues tendered by the state in its petition.   The law made the back-tax bill *prima facie* evidence of the truth of its affirmation.   The defendant had his day in court to deny and disprove this *prima facie* case, by showing either that the tax charged was not a valid and subsisting tax, by reason of the fact that the property had not been legally assessed, the tax thereon had not been legally levied, or that, having been so assessed and levied, the tax had been paid before the institution of the suit.   In such proceeding, the defendant would have had the right to show that the tax for the year 1869 was not a legal charge upon said real estate, for the reason that there was no legal evidence that it had been assessed for such taxes, in that the assessor's book, the only legal evidence thereof, was not verified, as required by law, and to show that the taxes for 1871 and 1875 had been paid before the institution of the suit, and, therefore, could not be charged upon said

real estate. These were matters of defense to be set up and pleaded to the cause of action set out in plaintiff's petition in the back-tax suit, and, not having been so set up and pleaded, the defendant cannot now be heard to urge them in a collateral attack upon the judgment rendered in that action. As to all such matters the judgment is final and conclusive upon the defendant in any collateral proceeding, as much so as if such judgment had been rendered upon the same issuable facts in a case between private individuals. . . .

"The remaining objection to the validity of the judgment, that the same was not against each tract separately for the amount found to be due on such tract, is answered by the cases of *Gray v. Bowles,* 74 Mo. 419, and *Brown v. Walker,* 11 Mo. App. 226: 'Although the judgment, for that reason, may be erroneous, and subject to correction on error or appeal, it is not void; and, having been rendered by a court having jurisdiction of the person and subject-matter, the title of a purchaser of property bought at execution sale under such judgment is not affected by such error.' "

This case so completely covers and determines the questions raised in the case at bar that no other citation of authority is deemed necessary. It is conceded that the tax-suit was properly brought under the provisions of the act of 1891 (ch. 6, title 11, I Hill's Code), and it appears from the record that the statute was substantially complied with.

The judgment and decree of the court below, in so far as it adjudged that the judgment in the tax-suit was null and void, that the sale by the sheriff and appellant's deed were invalid and of no effect, and that appellant had no right or title in or to the mortgaged premises, is, for the foregoing reasons, reversed.

DUNBAR, GORDON and REAVIS, JJ., concur.