[No. 15856. Department Two. November 1, 1920.]

JAMES HOLLAND, *Appellant*, v. SILVER BASIN MINING
COMPANY, *Appellant*, M. E. JESSEPH, *Receiver*,
*Respondent*.[1]

CORPORATIONS (217, 218)—INSOLVENCY—RECEIVERS—GROUNDS FOR APPOINTMENT—EVIDENCE—SUFFICIENCY. A receiver is properly appointed for a mining corporation where it appears that its stockholders, officers and trustees were in constant disputes interfering with the successful operation of its properties, that it was largely indebted without means to pay, that suits were pending and others threatened, and that the appointment of a receiver was necessary to prevent dissipation of the property.

SAME (195)—ACTIONS—VENUE—DOING BUSINESS IN COUNTY. Under Rem. Code, § 206, providing that a corporation may be sued in any county where it transacts business or has an office therefor or where the cause of action arose, the court has jurisdiction of an action to appoint a receiver in a county in which it had mining property which it had been operating.

[1]Reported in 193 Pac. 500, 502.

COURTS (11)—PRESUMPTIONS AS TO JURISDICTION. Superior courts are courts of general jurisdiction and it will be presumed that their proceedings are regular until the contrary appears.

RECEIVERS (93)—COMPENSATION—ATTORNEY'S FEES—AMOUNT. The allowance of $2,500 to a receiver of a mining company and a like sum to his attorneys is excessive, and will each be reduced to $1,500, where at no time did he operate the property, no money came into his hands, although he made constant effort to sell the property and was caused unnecessary trouble by objections to his appointment and continuance in office.

Appeal from orders of the superior court for Stevens county, Carey, J., entered January 10, 1920, in receivership proceedings, after a hearing before the court. Affirmed in part and reversed in part.

*Freece & Pettijohn,* for appellants.

*Zent & Jesseph,* for respondent.

BRIDGES, J.—The respondent has moved to dismiss this appeal. A careful consideration of the motion convinces us that it is without substantial merit, and we therefore deny it.

By this action, the plaintiff, who is one of the appellants here, sought to have a receiver appointed over the property and effects of the defendant, another appellant, the Silver Basin Mining Company. The complaint alleged, in substance, that the defendant was a corporation organized for the purpose of carrying on, owning, conducting, working and disposing of mining claims and mining property; that it owned certain mining property in Stevens county, Washington; that the plaintiff was a stockholder of the company; that it was without money, or means of raising money; that the stockholders, officers and trustees were in constant disputes and quarrels, which not only interfered with the successful operation of the company's property, but were causing its assets to be dissipated; that it

had outstanding debts amounting to $15,000 and was unable to pay them, or any of them; that it was wholly insolvent; that some of its creditors had already instituted suit against it, and others were threatening litigation; that, unless a receiver were appointed to protect the property, it would be dissipated and lost, to the great injury and detriment, not only of the creditors, but of the stockholders. Notice of application for the appointment of a temporary receiver was given. The company answered, admitting all the material allegations of the complaint, and its president consented to the appointment of a receiver. After a hearing, the respondent, M. E. Jesseph, was appointed temporary receiver. Thereafter, on motion and notice, this appointment was made permanent, and the receiver qualified by taking the oath of office and giving a $10,000 bond.

From time to time, certain stockholders, and others interested, objected to the appointment of the receiver, and asked for his discharge after he was appointed; on the grounds that there was no sufficient reason or cause for his appointment, and that the court did not have jurisdiction to make it. These questions have been elaborately argued. We think, however, there was sufficient ground for the appointment. The court, after a hearing, determined and adjudged that the affairs of the company were in substantially the condition set out in the complaint, and that it was necessary to appoint a receiver to protect and conserve the assets. If the conditions were as they were by the court found to be, then there was ample ground for the appointment of the receiver; and a careful examination of the record convinces us that the proof was amply sufficient to justify the court's conclusions. Particularly is this true when it is remembered that the

plaintiff, at whose instigation the receiver was appointed, was himself a stockholder, that the answer of the company admitted the correctness of all the allegations of the complaint, and that the president of the company expressly consented to the appointment.

But it is further contended that the suit was brought in the wrong county, and the court was, therefore, entirely without jurisdiction; and that the appointment of the receiver and all acts and things done by him were null and void. Section 206, Rem. Code, provides that a corporation may be sued

". . . in any county where the corporation transacts business or transacted business at the time the cause of action arose; or in any county where the corporation has an office for the transaction of business or any person resides upon whom process may be served . . ."

We think the record affirmatively shows jurisdiction. It shows that the company had property in the county where the suit was brought, to wit, Stevens county; the complaint alleged that: "Said corporation has been for many years and now is operating and conducting said property in said county." The answer of the company admitted this allegation in the complaint. There is nothing in the record to negative the idea that the corporation had an office in Stevens county "for the transaction of business," or that persons upon whom process might have been served resided in that county. On the contrary, the order appointing the temporary receiver expressly recited that, at that time, the company was "engaged in owning, controlling and operating mining properties in Stevens county, Washington," and "that the above-entitled court has jurisdiction to make such appointment." The order making the receivership permanent contained similar recitals. During the receivership pro-

ceedings, certain stockholders, on several occasions, moved for the discharge of the receiver for lack of jurisdiction in the court to appoint him, and in each instance the court denied such motions. In fact, the record shows conclusively that this question of jurisdiction was, time and again, expressly called to the attention of the court. The superior courts of Washington are courts of general jurisdiction, and their proceedings are presumed to be regular and within the scope of their authority until the contrary is made to appear. In the case of *Munch v. McLaren,* 9 Wash. 676, 38 Pac. 205, we held that:

" . . . every fact not negatived by the record will be presumed in aid of the judgment, and it will only be held void when it affirmatively appears from the record that the court had no jurisdiction to render it."

Such have been the decisions of this court from the beginning. We are therefore satisfied that the record as it stands shows that the court had jurisdiction to appoint the receiver.

Several months after the receiver had been appointed, the various stockholders, creditors and others interested, petitioned the court, showing that there was no longer any reason to continue the receivership, and asked that the receiver be discharged. Thereupon the receiver made a final report and asked that compensation for himself and his attorneys be fixed and paid before he was discharged. Upon a hearing, the court determined that conditions were such that the receiver should be discharged, fixed his compensation at $2,500, and that of his attorneys at a like sum, and directed that, upon the payment of such sums, an order would be made discharging the receiver. The appellants admit that the fixing of the compensation for the receiver and his attorneys is ordinarily within the discretion of

the trial court, but assert that, in this instance, the compensation fixed is grossly excessive and that the court abused its discretion.

While it is true that the correct rule is that the fixing by the court of compensation for its receiver and his attorneys is largely within its discretion, yet the matter is discretionary only in the sense that there are no fixed rules to determine the proper amounts, and it is not discretionary in the sense that courts are at liberty to give anything more than a fair and reasonable compensation. When the receiver was appointed, he gave a bond in the sum of $10,000, took possession of the assets of the company and made an inventory thereof. At no time during the receivership did he operate the property, nor did any moneys come into his hands. He made quite constant effort, under the orders of the court, to sell the property, and in that connection received several bids which, from time to time, were submitted by him to the court, and which, generally under his advice, were rejected. At no time was any of the property sold, and when it came time to terminate the receivership, the property existed just as it did when the receiver was appointed. Throughout the proceeding, some of the stockholders and officers of the corporation were very antagonistic to the receiver and were constantly objecting to his appointment, to any sale of the property, and to his reports to the court. Thus were the burdens of the receiver and his attorneys made much greater than they otherwise would have been. We realize that the services of the receiver and his attorneys were apparently well performed and were valuable; but we are all of the opinion that the compensation allowed both to the receiver and his attorneys was too great. It would not serve any useful purpose for us to recite in detail the

things which should be taken into consideration in fixing the compensation of an officer of the court. In many cases heretofore decided by us, we have dwelt upon these matters. Nor would it be useful for us to go into detail in reciting the various services performed by the receiver and his attorneys. We hesitate to overrule the judgment of the trial court in this matter, realizing, as we do, his intimate connection with and knowledge of the whole procedure. Notwithstanding this feeling, however, we are convinced that an allowance of $1,500 to the receiver and $1,500 to his attorneys would be a liberal allowance.

The judgment and orders appealed from are in all things approved and affirmed, except as to the compensations above mentioned. As to those matters, the orders and judgments appealed from are reversed, with instructions to the lower court to allow the receiver compensation in the sum of $1,500, and his attorneys a like sum. Neither party will recover costs of the other.

HOLCOMB, C. J., TOLMAN, MOUNT, and FULLERTON, JJ., concur.

## ON REHEARING.

[Department Two. December 3, 1920.]

PER CURIAM.—The appellants were interested in the estate in the hands of the receiver, who was the respondent. The closing sentence of our original opinion was as follows, "Neither party will recover costs of the other." The receiver, by petition for rehearing, asks whether or not he will be permitted to receive his costs of the appeal out of the estate in receivership.

It seems to us that the original opinion was clear enough on this point. What we intended to decide, and what we now decide, is that the appellants will pay their own costs, and that the receiver will be entitled

to reimburse himself out of the assets of the estate in receivership, for all of his costs incurred in the appeal, not, of course, including any attorney's fee.