[No. 1823. Decided June 19, 1895.]

CALIFORNIA SAFE DEPOSIT AND TRUST COMPANY, *Appellant*, v. CHENEY ELECTRIC LIGHT, TELEPHONE AND POWER COMPANY *et al.*, *Defendants*, EDISON GENERAL ELECTRIC COMPANY, *Respondent*.

FORECLOSURE OF MORTGAGE — LITIGATION OF PARAMOUNT ADVERSE TITLE.

A claim of title adverse to that of the mortgagor, and acquired prior to his execution of the mortgage, cannot be litigated in a suit for the foreclosure of the mortgage.

*Appeal from Superior Court, Spokane County.*

*F. T. Post*, and *A. G. Avery*, for appellant.
*Jones, Voorhees & Stephens*, for respondent.

The opinion of the court was delivered by

GORDON, J.—The record in this case presents but a single question for our determination, viz., can a claim of prior and paramount, adverse title be litigated in a foreclosure suit. We think the question must be answered in the negative.

The rule is laid down in 2 Jones, Mortgages, § 1589, as follows:

" Only the rights and interests under the mortgage and subsequent to it can properly be litigated upon a bill of foreclosure. One claiming adversely to the title of the mortgagor *cannot be made a party to the suit* for the purpose of trying his adverse claim. . . . This prior claim is not a subject matter of litigation in the foreclosure suit, and remains unaffected by it."

This rule is upheld by the great weight of authority upon the question. *Dial v. Reynolds,* 96 U. S. 340; *Peters v. Bowman,* 98 U. S. 56; *Hambrick v. Russell,* 86 Ala. 199 (5 South. 298); *Merchants' Bank v. Thomson,* 55 N. Y. 7; *Pelton v. Farmin,* 18 Wis. 234; *Admrs. of Lyman v. Little,* 15 Vt. 576; *Banning v. Bradford,* 21 Minn. 308 (18 Am. Rep. 398); *Emigrant Industrial Savings Bank v. Goldman,* 75 N. Y. 127; *Wilkinson v. Green,* 34 Mich. 22; *Cody v. Bean,* 93 Cal. 578 (29 Pac. 223); *Lange v. Jones,* 5 Leigh, 192; *Bogey v. Shute,* 4 Jones (N. C. Eq.) 174.

We do not think that the provisions of §§ 143 and 150, Code Proc., justify a different course of procedure. Indeed, substantially like provisions of statute are found in most of the states.

The mortgage which appellant is seeking to foreclose is simply a contract between itself and the Cheney Electric Light, Telephone & Power Company, under which contract the appellant has obtained a lien upon the estate of such mortgagor. The respondent, the Edison Company, is not a party to such contract and claims no rights under it. Between respondent and appellant there is no privity of contract, and respondent's claim of title can be divested only in an action at law.

The only proper parties to a foreclosure suit are the

mortgagor, the mortgagee and those who have acquired any interest from either of them subsequently to the mortgage.

The order appealed from is affirmed.

HOYT, C. J., and ANDERS, J., concur.