[No. 2190. Decided July 10, 1896.]

MILLER MURDOCH, *Respondent*, v. MARTHÁ E. LEONARD
*et al., Appellants.*

REFORMATION OF MORTGAGE — MUTUAL MISTAKE — PLEADING — PARTIES
— CONTRACT OF MARRIED WOMAN — EVIDENCE OF OWNERSHIP OF
MORTGAGED PROPERTY — FAILURE TO DO EQUITY.

The fact that the complaint, in an action for the reformation of a
mortgage, does not in express terms aver that the mortgage was
erroneously executed through "mutual mistake" will not render it
insufficient, if it sets up facts from which such a conclusion is in-
evitable.

The deed or contract of a married woman may be reformed in
this state, in cases of mutual mistake, since § 1410, Gen. Stat., does
away with the wife's legal disability to contract.

In an action to reform and foreclose a mortgage upon premises
erroneously described, the mortgagors' ownership of the premises
intended to be mortgaged is sufficiently proved *prima facie* by evi-
dence showing that the defendants were in possession of the prop-
erty, exercising acts of ownership, renting and receiving rent
therefor, insuring same in their own right as owners, and that they
offered to convey the property to the mortgagee in consideration of
a release of the mortgage and the payment of a small sum of money.

One whose title is adverse to and paramount to the mortgagor is
not a necessary nor proper party to a foreclosure of the mortgage.

In an action to reform and foreclose a mortgage upon premises
misdescribed therein, the plaintiff is not entitled to a decree, when
he has, in consideration of a release of the mortgage, received a
deed conveying the premises as erroneously described in the mort-
gage, and has failed to surrender the deed or to tender a reconvey-
ance of the premises, as misdescribed therein.

Appeal from Superior Court, Lewis County.—Hon.
M. T. CURRY, Judge *pro tem.*   Reversed.

*M. A. Langhorne,* for appellants.

*E. B. Preble,* and *G. T. Swasey,* for respondents.

The opinion of the court was delivered by

GORDON, J.—Respondent instituted this action in the superior court for Lewis county to reform and foreclose a mortgage of real estate executed by the appellants (husband and wife) to respondent's assignors, securing an indebtedness aggregating $678 and interest.

The complaint alleges that at the time said mortgage was executed both the defendants and the mortgagees intended that the same should include and describe the north half of lot 1, block 2, of the town of Winlock; "that in drawing said mortgage the description of the property recited therein and intended to be conveyed was erroneously mentioned as being in Pagett's addition to the town of Winlock, when in truth and in fact the property intended to be conveyed by said mortgage was situate and being in the original town of Winlock as hereinbefore described." Also, that the appellants, at the time of the execution of the mortgage, did not own any real estate in Pagett's Addition to the town of Winlock, and that at the time of the execution and delivery of the mortgage the appellants pointed out and designated to the mortgagees as the property mortgaged and intended to be mortgaged, the property first above described.

A demurrer was interposed to this complaint and overruled by the court. Thereafter appellants answered, denying all of the allegations of the complaint, and alleging affirmatively that they were not at the time of the execution of the mortgage in question the owners of any right, title or interest in or to the north half of lot 1 in block 2 of the *original town* of Winlock. Upon findings of fact and conclusions duly made and filed, a decree was entered in favor of the respondent, and the defendants have appealed.

1. The first error complained of is the ruling of the court upon the demurrer to the complaint. Appellants insist that the complaint is insufficient, in that it is not alleged that there was any fraud or misrepresentation upon the part of the defendants, and that there is no allegation in the complaint that there was any "mutual mistake." It is true that the authorities hold that "in this class of cases the facts must be distinctly and positively averred;" but we think that while the complaint does not in express words allege "mutual mistake," it does distinctly set up facts from which that conclusion is inevitable, and it expressly alleges that the mortgage was given upon, and intended to be a lien upon, the north half of lot 1, block 2, of the original town of Winlock, etc. We think that the complaint lacks no allegation essential to confer jurisdiction in equity.

2. It is next insisted that equity is powerless to reform the deed or contract of a married woman. While such is undoubtedly the rule in many jurisdictions, we do not think it prevails where, as in this state, the wife is under no legal disability to contract. *Stevens v. Holman*, 112 Cal. 345 (44 Pac. 670); *Hamar v. Medsker*, 60 Ind. 413; *Witherington v. Mason*, 86 Ala. 345 (11 Am. St. Rep. 41, 5 South. 679).

We think that our statute conclusively establishes this point against appellant's contention. Section 1410, Gen. Stat. (1 Hill's Code), is as follows: "Contracts may be made by a wife, and liabilities incurred, and the same may be enforced by or against her to the same extent and in the same manner as if she were unmarried."

3. The trial court found that the defendants were the "owners and in possession of said north half of lot 1, block 2," of the original plat, etc., at the time of

the execution of the mortgage. This finding was excepted to and it is contended that the evidence fails to support it. We have examined the record carefully, and think that the proof in support of the finding is sufficient, at least for the purposes of this case, and as against these defendants. Upon the part of the plaintiff, among other things, it was shown that the building (known as the post-office building) upon the property was insured by appellants in their own right as owners, for the sum of $500; that they were in possession of the property and exercised all the acts of ownership and rented it and received rent therefor. It also appears from certain letters written by appellant Charles E. Leonard (the husband) and introduced by plaintiff, that appellants were seeking to effect a loan upon the property at a lower rate of interest than that expressed in the notes secured by respondent's mortgage, and that it was their intention to pay and discharge respondent's mortgage from the proceeds of such loan. In another of said letters (written prior to the commencement of this action) appellant suggested that they would convey this property (viz., the property which respondent seeks to make chargeable with the lien of the mortgage) to the respondent, in consideration of a release of the mortgage and the payment of a small sum of money. This proof was *prima facie* sufficient to establish ownership. Abbott's Trial Evidence, p. 692. On the part of the defendants it was shown by the auditor of the county that a deed was of record covering the land in question, executed to one Harrington, but no proof was made tracing the title through the grantor to the primary source. Nor was it shown that such grantor was in possession at the time of its execution, or that Harrington was ever at any time in possession.

4. It is further urged as ground for reversal that Harrington should have been made a party defendant. As already stated, the proof fails to show that Harrington or his grantor ever had possession of the premises, or that Harrington had a record title extending back to the primary source. Hence, in the light of the record, Harrington was not a necessary party and is neither concluded nor affected by this proceeding.

But, irrespective of this view of the question, there is still another reason for this conclusion. Appellants seek to place him in the position of a claimant under a title adverse to, and if valid paramount to, their own. Assuming him to be such, he was not a proper party.

"The only proper parties to a foreclosure suit are the mortgagor, the mortgagee and those who have acquired any interest from either of them subsequently to the mortgage." *California Safe Deposit & Trust Co. v. Cheney Electric Light Co.*, 12 Wash. 138 (40 Pac. 732).

The title to the premises can be more appropriately determined in another form of action.

5. The final contention is that there can be no recovery by plaintiff because it appears that prior to the commencement of the action the plaintiff had, in consideration of a deed of conveyance to the property actually described in the mortgage, surrendered and delivered to the appellants possession of the note and mortgage in question; and that neither at the trial nor prior thereto had the respondent offered to reconvey said premises to the appellants, or surrender conveyance thereof. The theory of respondent's counsel is that the consideration for which the note and mortgage were surrendered was an *actual conveyance* of title to the property which is sought to be sub-

jected to the lien of the mortgage in this case, whereas the deed actually obtained, like the mortgage sought to be reformed, erroneously described the property as being in "Pagett's Addition." Appellants requested the lower court to find that they "were at the time of the execution of said mortgage and ever since have been the owners of the north half of lot 1, block 2, Pagett's First Addition to the town of Winlock;" which was refused by the court. While the evidence is not satisfactory in this connection, we think that, fairly considered, appellants were entitled to this finding, and we shall dispose of the case upon that assumption. It was the duty of the respondent to have tendered a deed of reconveyance of the identical property described in the deed to him, viz., lot 1, block 2, Pagett's Addition, prior to the commencement of his action; or, if the deed from appellants to him had not been recorded, then he should have returned said deed or offered to surrender it to appellants.

Upon the whole record we think that substantial justice will be subserved by remanding the cause and permitting the respondent to reconvey to appellants the premises described in their deed to him of date May 16, 1895, or to surrender the deed of conveyance so received by him if the same has not been recorded; and upon his complying herewith within the period of thirty days from the date of the receipt of the remittitur by the lower court and the payment of the costs of both courts, the decree appealed from will be affirmed; otherwise the same will be reversed and the action dismissed.

HOYT, C. J., and ANDERS and DUNBAR, JJ., concur.