[No. 3384.  Decided January 13, 1900.]

RICHARD OSBORN *et ux., Respondents,* v. SCOTTISH-AMERICAN COMPANY, LIMITED, *Appellant.*

MORTGAGES—DESCRIPTION—AFTER-ACQUIRED TITLE.

Where a mortgage describes the premises as a certain lot according to the recorded plat thereof, and the recorded plat shows the lot to be in size fifty by one hundred and twenty feet, the description is plain and unambiguous; and, where the mortgagor did not own all the land described but subsequently acquired title to sufficient land to meet the description in the mortgage, such after-acquired title would inure to the benefit of the mortgagee.

Appeal from Superior Court, King County. — Hon. E. D. BENSON, Judge.  Affirmed.

Respondents mortgaged lot 4 in block 3, Central Seattle, to appellant.  The lot was partly upland and partly tide land, the title of the latter portion not being in the mortgagors.  Subsequently the mortgagors acquired title to a portion of tide lands described as lot 4, block 223, Seattle Tide Lands, which included substantially that portion of the tide land which had been platted as a part of lot 4, block 3, Central Seattle.

*Hastings & Stedman,* for appellant.

*James B. Howe* and *Frank A. Steele,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—We think, under the judgment in this case, exact justice was accorded all the parties litigant; that appellant received what its mortgage called for; and that, so far as the claim of respondent is concerned in the cross appeal, the cases cited do not apply to the facts as shown by the record; and that inasmuch as the mortgage described the property as lot 4 in block 3, according to the recorded plat thereof; and the said recorded plat described lot 4 in block 3 as being a lot fifty by one hundred and twenty feet, the description was plain and unambiguous, and could be relied upon; and that subsequently acquired title to sufficient land to meet the description in the mortgage should inure to the benefit of the mortgagee.

The judgment is affirmed.

GORDON, C. J., and FULLERTON and REAVIS, JJ., concur.