[No. 3907. Decided July 27, 1901.]

SARAH F. OATES, *Respondent,* v. H. O. SHUEY, *as Receiver, et al., Appellants.*

MORTGAGE FORECLOSURES—TRIAL OF TITLE—DECREE FINDING TITLE IN HUSBAND—CONCLUSIVENESS AS TO WIFE'S INTEREST.

Under the rule that questions of paramount title cannot be tried in suits for foreclosure of mortgages; a wife is not bound by a decree in a foreclosure proceeding which finds that her husband was the sole and separate owner of the property and that she had no interest therein, even though she was made a party to the suit because of having joined in the execution of the note, was personally served, and made defendant therein.

Appeal from Superior Court, King County.—Hon. BOYD J. TALLMAN, Judge. Affirmed.

*Clise & King,* for appellants.

*Greene & Griffiths,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—The record in this case discloses about the following facts: That one Robert C. Oates and Sarah F.

Oates, who were husband and wife, on December 15, 1892, made and delivered their promissory note for $355 to the Seattle Savings Bank of Seattle; that on the same day said R. C. Oates, in order to secure the payment of said note, executed and delivered a mortgage on lots 7 and 8 in block 37, Mercer's Second Addition to North Seattle, to the said bank. The property at said time stood of record in the name of, and was the separate property of his wife, Sarah F. Oates, who at said time and for a long time afterwards had no knowledge of the said mortgage. This mortgage was some four years later recorded in the proper records of King county. On or about March 22, 1900, H. O. Shuey, receiver of said bank, brought an action to foreclose said mortgage, making said Robert C. Oates and Sarah F. Oates and others who had acquired interests in said property subsequent to said mortgage, parties defendant. In the complaint in the foreclosure proceeding it was alleged that Robert C. Oates was at all times the sole and separate owner of said property, and that Sarah F. Oates had no interest therein. Personal service was had on all of said defendants, none of whom appeared in the action but made default therein. Subsequently a decree was entered foreclosing said mortgage, and the property was sold thereunder, and sale confirmed. Sarah F. Oates has been in possession of said property at all times since said mortgage was made, and still has possession of the same. She now brings this action to vacate and set aside said judgment and decree so far as it affects her interest in said property. This case was presented to the lower court, and also to this court by both appellants and respondent upon the theory that the petition is a complaint to remove cloud from title, and will be so treated by this court although we have grave doubts as to the form and sufficiency of the petition for the purpose named. But this question has not

been raised either in the lower court or in this court, and we shall, for that reason, pass it by. Upon the trial the lower court found the facts substantially as above set out, and entered a decree quieting title in Sarah F. Oates. From that decree an appeal is prosecuted in this court.

Two questions are presented upon the appeal, as follows: (1) Could the court in the foreclosure proceedings try the question of title? and (2) Was Sarah F. Oates, having been made a party, and personally served, and having made default therein, bound by the findings and decree that her husband, Robert C. Oates, was the sole and separate owner, and that she had no interest in said property? This court, in *California Safe Deposit & Trust Co. v. Cheney Electric Light, Telephone & Power Co.,* 12 Wash. 138 (40 Pac. 732), held that a claim of prior and paramount adverse title could not be litigated in a foreclosure suit. It was alleged in the complaint in foreclosure, "that at all times herein mentioned the said above described property was the sole and separate property of said defendant Robert C. Oates," and "that defendant Sarah F. Oates has no interest in or to said described premises." These allegations were for the sole purpose of determining that Robert C. Oates was the owner at the time the mortgage was given, and that Sarah F. Oates at said time had no interest in the property. They could have no other office. Under the authority of *California Co. v. Cheney Co., supra,* Sarah F. Oates was not a proper party to appear to litigate that question, because she could not be required to plead her paramount title in a foreclosure suit. Not being a proper party for that purpose, and not being required to appear and set up her paramount title, it was in excess of jurisdiction for the court to determine the question of title upon her default. Mr. Wiltsie, in his work on Mortgage Foreclosure, at § 191, says:

"Persons who own an interest in mortgaged premises paramount to the mortgage, are neither necessary nor proper parties to its foreclosure, for the reason that they did not acquire their rights under the mortgagor or the mortgagee, subsequent to the execution of the mortgage. Whether they are made parties or not, the decree in the action will not in any way affect their rights. Thus a widow, who did not sign a mortgage executed by her husband, should not be made a defendant to its foreclosure; and even if she is made a defendant, her rights will not be affected in any way by the decree. This is specially true if the complaint does not contain allegations setting forth her real rights in the property and asking to have them foreclosed; and even with such allegations in the complaint, it was held in one case that the judgment passing upon her rights and foreclosing them was erroneous and void."

See, also, Jones, Mortgages, §§ 1439, 1440, 1445, and authorities there cited.

Appellants argue that because Sarah F. Oates signed the note for which the mortgage was given, and because she was the wife of the mortgagor in possession, she was a proper party for these reasons. This contention is no doubt correct, but it is only for these reasons, and for the purposes named, that she is a proper party. Where, under a statute like ours, a deficiency judgment may be had against the makers after the mortgaged property is exhausted, and where such judgment is demanded in the complaint, then she is a proper party for those purposes only. As was said in *Bradley v. Parkhurst,* 20 Kan. 462, 467:

"An action on a note and mortgage involves two things —first, an inquiry as to the amount due on the note; and in that, it is personal; and second, a proceeding to charge the real estate mortgaged with the payment of the amount found due; and in that respect it is in the nature of a proceeding *in rem.*"

See, also, Jones, Mortgages, § 1431.

As to the first, she is a proper party for the purpose of responding to a personal judgment. As to the second, she is a proper party only for the purpose of protecting her interests *where her title is subsequent and subordinate to the mortgage.* The court, having acquired jurisdiction for these purposes, could not go beyond that, and determine other questions which are not properly in the case for litigation. 2 Jones, Mortgages, §§ 1439, 1445.

When she failed to appear, she thereby, in effect, confessed that she was liable on the note personally, and that the separate interest of her husband in the property was subject to its payment, but she was not bound to appear in the cause, and litigate her paramount claim thereto. It is true, she might have appeared in the action, and voluntarily submitted the question of her paramount title for determination, and would, in that event, have been bound by the decision thereon; but, not having appeared, the court could adjudicate only those questions properly before it for determination, and she would be bound by the decree in so far as the court had jurisdiction to make it, and no further. The question whether the mortgagor or some other person owned the mortgaged premises at the time the mortgage was given was not, as we have seen, proper to be determined in foreclosure.

We conclude, therefore, that Sarah F. Oates was not bound by the decree in so far as it determined that she was not the owner of the property, even though she was a proper party to the suit for other purposes. The judgment will be affirmed.

REAVIS, C. J., and FULLERTON, ANDERS, HADLEY and WHITE, JJ., concur.