[No. 5163.   Decided March 6, 1905.]

PEOPLES SAVINGS BANK, *Respondent*, v. J. R. LEWIS *et al.*, *Appellants*.[1]

ESTOPPEL—MORTGAGES—COVENANTS—WARRANTY—AFTER - ACQUIRED TITLE—TIDE LANDS BELONGING TO STATE. A mortgage covering tide lands belonging to the state, which contains a covenant of seizin and general warranty against all lawful claims, conveys the after-acquired title of the mortgagor, secured through a state deed issued after the decree and foreclosure sale, upon an application for purchase made pending the foreclosure.

Appeal from a portion of a judgment of the superior court for King county, Tallman, J., entered November 23, 1903, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to quiet title. Affirmed.

*Ballinger, Ronald & Battle,* for appellants. The after-acquired title was not subjected to sale by the decree of foreclosure. Jones, Mortgages (3d ed.), §§ 153, 1581, 1656. The purchaser at the sale is not presumed to have acquired the title for the benefit of the mortgagee. *Burton v. Reeds,* 20 Ind. 93. The purchase price accrued to the state subsequently to the foreclosure, and, as in the case of subsequent tax titles, the after-acquired title did not

[1]Reported in 79 Pac. 932.

inure to the benefit of the grantee.    11 Am. & Eng. Ency. Law (2d ed.), p. 412.

*Lewis & Hardin* and *Walker & Munn,* for respondent, cited: *Weber v. Laidler,* 26 Wash. 144, 66 Pac. 400; 11 Am. & Eng. Ency. Law (2d ed.), p. 405; *West Coast Mfg. etc. Co. v. West Coast Imp. Co.,* 25 Wash. 627, 66 Pac. 97; *Osborn v. Scottish-American Co.,* 22 Wash. 83, 60 Pac. 49; 1 Herman, Estoppel, § 152; 2 Id., § 587; 11 Am. & Eng. Ency. Law (2d ed.), p. 394; *Douglass v. Scott,* 5 Ohio 195; *Van Renssalaer v. Kearney,* 11 How. 325; *Tefft v. Munson,* 57 N. Y. 97; *Powers v. Patton,* 71 Me. 583; *Jarvis v. Aikens,* 25 Vt. 635; *Knight v. Thayer,* 125 Mass. 25.

MOUNT, C. J.—This action was brought by the respondent to quiet title to lots 1, 2, 3, and 4, in block 204, and lots 1, 2, 3, 4, 5, 6, and 7, in block 206, of the Seattle tide lands, in King county.    After the issues were made up, the trial was had, and the lower court entered a decree in accordance with the prayer of the complaint.    The defendants appeal.

The facts are undisputed and are, briefly, as follows: On October 18, 1892, Howard H. Lewis and wife, Bessie J. Lewis, to secure a note for $25,000, executed to the respondent a mortgage upon an undivided one-fifth interest in blocks 9 and 10, Terry's Fifth Addition to Seattle, together with other property.    The mortgage contained the following covenant of title and warranty:

"To have and to hold the said premises, unto the said party of the second part, its successors and assigns, for its own use, benefit and behoof forever.    The said parties of the first part hereby covenanting to and with the said party of the second part, its successors and assigns, that they are lawfully seized of said premises and now have a valid and unincumbered fee simple title thereto, and that

they will, and their heirs, executors, and administrators shall forever, warrant and defend the same against all lawful claims and damages."

Prior to the execution of the mortgage, a plat of Terry's Fifth Addition was filed for record by the owner, wherein said blocks 9 and 10 were marked, determined, and described with such particularity as to identify said blocks, so far as the same could be identified. At the time of the execution of the mortgage, a part of these blocks was tide land, belonging to the state of Washington, lying beyond the government meander line. The statutes then in force made provision for the preference right of purchase by upland owners. Bessie J. Lewis was the legal owner of an undivided one-fifth interest, as her separate property, in that portion of block 9 which was upland. The money for which the mortgage was given was loaned to her in full reliance upon the representations contained in the mortgage. On July 11, 1895, respondent sold and assigned said note and mortgage to James Goldsmith, who, on July 17, of the same year, commenced his action to foreclose said mortgage, which action resulted in the sale of the property covered by the agreement.

After the action was commenced, and before the decree was rendered, and on February 11, 1895, an official plat and map of the Seattle tide lands was filed in the office of the auditor of King county. In this plat lots 1, 2, 3, and 4, in block 204, are a part of, and included within, the lands theretofore known as block 10, in Terry's Fifth Addition; and lots 2, 3, 4, 5, 6, and 7, and the northerly twenty feet of lot 1, in block 206, are a part of, and included within, the lands theretofore known as block 9, of Terry's Fifth Addition. This map of the Seattle tide lands was filed on March 15, 1895, as provided by law, with the board of state land commissioners, and, also, with the commissioner of public lands of the state. All

the lands included within the said blocks 204 and 206 are wholly without the government meander lines.

On the 22d day of March, 1895, Edward L. Terry, one of the tenants in common, made application to purchase all of the tide land blocks 204 and 206. His application purports to have been made for, and in behalf of, the heirs of C. C. Terry. The use of the words "heirs of C. C. Terry," was intended to be descriptive only of the persons who, as tenants in common, owned the upland portion of block 9, of Terry's Addition. The judgment in the foreclosure action was rendered on March 28, 1896, order of sale issued thereon March 30, 1896, and sale of all the mortgaged property was made to Goldsmith on May 1, 1896. The sale was confirmed on May 3, 1897, when the sheriff's deed was issued to Goldsmith, who conveyed the property to plaintiff on May 4, 1897. Thereafter, on December 31, 1897, the application of Edward L. Terry, as above stated, to purchase the lands was allowed, and tide land contract No. 1173 was issued to said Edward L. Terry, *Bessie J. Lewis,* Nellie M. Scurry, and Mary C. Kittenger, embracing lots 1, 2, 3, and 4, in block 204, and lots 1, 2, 3, 4, 5, 6, and 7, in block 206, according to the map of the Seattle tide lands. This contract was thereafter assigned to appellant Bernard Pelly, as trustee for the parties entitled to the lands. On August 20, 1898, defendant Bessie J. Lewis and Howard H. Lewis assigned to J. R. Lewis all their right, title, and interest in and to said contract, and the lands therein described. The appellant J. R. Lewis had notice of the mortgage, and all proceedings had thereunder. The assignment of the contract to him was made without the knowledge or consent of respondent.

Several questions are argued by appellants, but the controlling question in the case is, does the subsequently acquired title of the mortgagors inure to the benefit of the mortgagees and those claiming under them, when the mort-

gagors covenant that they are seized in fee and warrant against "all lawful claims and demands?" The affirmative of this question was settled by this court in the following cases: *Osborn v. Scottish-American Co.*, 22 Wash. 83, 60 Pac. 49; *West Coast Mfg. etc. Co. v. West Coast Imp. Co.*, 25 Wash. 627, 66 Pac. 97; *Weber v. Laidler*, 26 Wash. 144, 66 Pac. 400, 90 Am. St. 726. This being the rule, the judgment of the lower court was right. It is unnecessary, therefore, to discuss the other questions presented in the case.

The judgment is affirmed.

DUNBAR, HADLEY, and FULLERTON, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.