[No. 14339.   Department One.   February 1, 1918.]

SEATTLE TRUST COMPANY, *Appellant*, v. WALTER P. CAMERON *et al., Respondents*, VALHALLA ORCHARD COMPANY *et al., Defendants*.[1]

VENDOR AND PURCHASER—CONTRACTS — PRIORITY — ABANDONMENT. Where a vendor mortgaged land already under contract of sale, the acceptance of deeds pursuant to and in performance of contracts is not an abandonment of the contract, and the deeds preserve all rights conferred by and relate back to the date of the contracts.

SAME. Failure to make payments upon a land contract do not amount to an abandonment, where the vendor was in default.

MORTGAGES — FORECLOSURE — PARTIES. Contract purchasers prior to the execution of a mortgage and those claiming under them are not necessary or proper parties to an action of foreclosure, where there is no question as to their priority.

MORTGAGES — FORECLOSURE — JUDGMENT — SCOPE. In an action to foreclose a mortgage subject to prior contracts of sale, further secured by a trust deed of sums due on the sales contracts, in which the trustee was not a party, it is error to hear and decide an issue as to the amount received by the trustee on the sales contracts, and to adjudge that the mortgage had been satisfied thereby, since neither the trustee nor the purchasers were before the court on that issue.

Appeal by plaintiff from a judgment of the superior court for Chelan county, Grimshaw, J., entered March

[1]Reported in 170 Pac. 379.

29, 1917, upon findings in favor of the plaintiff as against certain defendants, in an action to foreclose a mortgage, tried to the court.   Modified.

*Winfield R. Smith,* for appellant.

*Hughes & Adams,* for respondents.

WEBSTER, J.—Prior to July 29, 1909, Valhalla Orchard Company, a corporation, owned a large acreage of irrigated land in Chelan county which it platted into orchard tracts and offered for sale to the public on the usual installment payment plan, reserving title in itself until the full purchase price was paid, and agreeing in the meantime to plant and cultivate an apple orchard on each parcel of land sold.   Respondents Ross and wife, Cameron and wife, Martin and wife, and Carrothers and wife, or those under whom they claim, together with numerous other persons, became purchasers of tracts pursuant to this arrangement and were making payments on their several contracts. Thereafter, and on July 29, 1909, the orchard company borrowed of appellant, whose corporate name then was Seattle Trust and Title Company, the sum of $15,000, for which it executed a note secured by mortgage on its lands, flumes, pumping plant and equipment.   At the time of accepting this note and mortgage, appellant knew of the prior contracts of sale, including those now held by respondents.   Simultaneously with the execution of the note and mortgage and for the purpose of additional security, the orchard company assigned to Columbia Valley Bank of Wenatchee, as trustee, all payments due and to become due on contracts then in existence and such as might thereafter be made for the sale of lands included in the mortgage, the sums so collected by the bank to be applied to the payment of the note secured by the mortgage, and to

other purposes as set forth in a trust agreement duly signed and acknowledged by appellant, the orchard company and the bank.

Immediately upon the execution of this assignment, appellant mailed written notice to the contract holders informing them of such assignment and notifying them that, until satisfaction of the mortgage or further notice, all payments under their contracts should be made to the Columbia Valley Bank. Pursuant to its powers contained in the trust agreement, the trustee collected and disbursed large sums of money. Subsequently appellant brought this action for the foreclosure of its mortgage, alleging a balance due of approximately $6,000. The trustee is not a party to the suit, but a number of persons and concerns holding rights and liens inferior to the mortgage were joined as defendants, together with respondents, whose rights under their respective contracts antedated the execution of the mortgage. All of the defendants holding junior liens and equities defaulted, and a decree of foreclosure as prayed for was duly entered as to them. But the right to foreclose as against respondents was denied, they being dismissed from the action with prejudice. From the portion of the decree denying foreclosure as against respondents, this appeal is prosecuted.

The complaint alleged that each of the respondents have, or claim to have, some interest in or lien upon the mortgaged premises, but that such interests and liens are subsequent and subordinate to the plaintiff's mortgage. Respondents filed separate answers, admitting that they claimed an interest in a portion of the lands included in the mortgage, but denied that such interest was inferior to the lien thereof. In addition, respondents Ross and wife and Cameron and wife affirmatively pleaded that, at the time of the execution of the note and mortgage, appellant had knowledge of

their prior claims under contracts of purchase theretofore executed and delivered, and that plaintiff's lien was inferior to the rights evidenced by the then existing contracts; that, pursuant to the notice to make subsequent payments due under contracts to the Columbia Valley Bank of Wenatchee, numerous contract holders paid to the bank an amount greatly in excess of a sum sufficient to fully satisfy plaintiff's mortgage, and, by reason thereof, the same had been fully paid.

They further alleged that, after making certain payments under their respective contracts, the orchard company failed to perform its part of the contract, in that it failed to plant and cultivate the orchard as provided in the agreements, whereupon respondents made demand upon the orchard company for damages caused by the breach; that the orchard company acknowledged the claim, waived further payments under the contracts, and, as evidence of a full and complete release, executed and delivered to them quitclaim deeds for the tracts described in their respective contracts. Respondents Martin and wife answered, setting up prior rights under their contract of purchase, and pleaded payment as alleged in the answers of Ross and Cameron. They further alleged that respondent Claude Martin, at the instance and request of the orchard company, performed labor and services in caring for lands theretofore sold to divers contract purchasers, and that, out of his monthly wages, the orchard company withheld certain sums which were applied on their contract, being sufficient in amount to satisfy the same, whereupon the orchard company executed and delivered to them a deed for the property described therein. The respondents Carrothers and wife filed an answer similar to the ones filed by Ross and wife and Cameron and wife, save that they did not allege that the orchard company had recognized

their claim for damages by executing to them a deed. The affirmative matter contained in these answers was put in issue by reply.

At the close of plaintiff's case, respondents moved that they be dismissed from the action for the reason that it affirmatively appeared that their rights under their respective contracts were prior and superior to the lien of plaintiff's mortgage, and consequently they were not proper parties defendant in the foreclosure action. Counsel for plaintiff insisted that the respondents Ross and wife, Cameron and wife, and Martin and wife had abandoned their contracts of purchase by accepting deeds which were subsequent in time to plaintiff's mortgage. The only evidence bearing upon this point was an oral stipulation, made during the progress of the trial, that the deeds were executed to the respondents named in consummation of their prior contracts. This being so, the acceptance of the deeds was not an abandonment of the contracts, but was an act in furtherance and in performance thereof. It is elementary that, where a deed is given pursuant to a contract, it is presumed to secure and perpetuate all rights conferred by the contract and relates back to the date thereof. The priorities arising under the contract are not defeated but are preserved by the deed. On the other hand, if it be assumed that the orchard company, subsequent to the execution of plaintiff's mortgage, did not have the right to execute the deeds upon which respondents rely, the conveyances would be treated as nullities and the parties would be relegated to their rights under the contracts of purchase, which were confessedly prior in time and right to the plaintiff's mortgage. As to the respondents Carrothers, who had no deed, it cannot be said they abandoned their contract by failing to make payments thereon, if the orchard company was in default in the per-

formance of its part of the contract. In no event could the mortgagee assert such forfeiture in this proceeding. Hence the respondents were neither necessary nor proper parties to the foreclosure proceeding, and the motion to dismiss as to them should have been granted. It has been repeatedly held by this court that the only proper parties to a foreclosure action are the mortgagor, the mortgagee, and those who have acquired any interest from either of them subsequently to the mortgage. *California Safe Deposit & Trust Co. v. Cheney Elec. Light, Tel. & P. Co.,* 12 Wash. 138, 40 Pac. 732; *Murdoch v. Leonard,* 15 Wash. 142, 45 Pac. 751; *Kizer v. Caufield,* 17 Wash. 417, 49 Pac. 1064; *Oates v. Shuey,* 25 Wash. 597, 66 Pac. 58.

While we have held that adverse claimants may be joined for the purpose of determining whether their rights are prior or subsequent to the rights of the mortgagee, yet when the priority of such adverse claims is established, the inquiry should end. However, in this case, the court heard evidence and made findings with reference to the amount of payments received by the trustee under the trust assignment, and concluded that, as to the respondents, appellant's mortgage had been fully satisfied. This, we think, was error, for two reasons; first, respondents' rights being prior to the mortgage, they were not concerned in the issue of whether or not it had been paid; secondly, the trustee not being a party to the proceeding, the court could not properly inquire into the application of the moneys collected from contract holders by virtue of the trust assignment. Moreover, it was error to preclude the mortgagee, should its security under the mortgage be found insufficient to satisfy the debt, or the trustee from recovering in an appropriate proceeding the amounts due, if any, from the respondents on their

contracts of purchase which had been assigned to the trustee as additional security for the payment of the note.

The record is in an exceedingly unsatisfactory condition, and in order to avoid future complications, we deem it proper to remand the case with directions to the lower court to set aside its findings and conclusions to the effect that the debt secured by appellant's mortgage had been fully paid and satisfied, and to modify its decree so as to dismiss the action as against respondents, but without prejudice to the right of any interested party to litigate in any appropriate proceeding the question of the amounts due, if any, under respondents' contracts of purchase. Neither appellant nor respondents will recover costs in this court.

ELLIS, C. J., FULLERTON, MAIN, and PARKER, JJ., concur.