[No. 17832.   Department One.   July 6, 1923.]

LESLIE EVERLY, *Appellant*, v. L. M. WOLD *et al., Respondents.*[1]

APPEAL (401)—REVIEW—DISCRETION. In the absence of a showing of an abuse of discretion, a case will not be reversed for refusing to open the case to receive evidence of a set-off which was not pleaded or offered at the trial.

MORTGAGES (45)—PROPERTY SUBJECT—AFTER-ACQUIRED TITLE. An after-acquired title of a mortgagor inures to the benefit of a mortgagee whose debt is still existing and enforcible, under Rem. Comp. Stat., §§ 10554, 10555, 10571.

Cross-appeals from a judgment of the superior court for King county, French, J., entered June 21, 1922, upon findings favorable to the defendants, in consolidated actions to foreclose mortgages, tried to the court.

[1]Reported in 217 Pac. 7.

Affirmed on defendants' appeal; reversed on plaintiff's appeal.

*Myra L. Everly* and *Murphy & Kumm,* for appellant.
*J. E. McGrew,* for respondents.

MACKINTOSH, J. — Two cases involving mortgages owned by the plaintiff were consolidated for trial. In one the defendants have appealed from the amount of the judgment allowed against them on one of the mortgages, claiming that the amount should have been only that which the plaintiff paid to the original mortgagee (a corporation) from which he purchased the mortgage, instead of its face amount, for the reason that a letter, written at the time of sale by the secretary of the corporation explained to the plaintiff that the defendants were entitled to certain credits, reducing the face value of the mortgage to the amount being paid by the plaintiff.

Though there does not seem to be a statement of facts strictly covering this case, the point raised will not be disposed of on that ground, for the same conclusion is compelled by the merits. The defendants did not plead the set-off they now claim, as is required by § 271, Rem. Comp. Stat. [P. C. § 8358], and the letter was not introduced or offered on the trial, but first appears when an effort was made to open the case for its admission. The reception of such testimony at such a time being in the trial court's discretion, in the absence of a showing of an abuse of discretion, the case will not be reversed. There is no such showing here, for an examination of the letter does not disclose the situation argued for by the defendants. Judgment in this case is therefore affirmed.

In the second case, the plaintiff is appealing from the refusal of the court to foreclose another mortgage

given to him by the defendant L. M. Wold. The facts in this matter are that L. M. Wold and her then husband, in October, 1915, executed a joint and several note in favor of the plaintiff and secured it by an instrument which, in legal effect, was an equitable mortgage on property to which at the time neither of them had full legal title. In January, 1916, the property was sold under foreclosure to the Title Trust Company, which corporation sold the property to Mrs. Wold in June, 1918. The husband died in December, 1917. Therefore the question here is whether or not a title subsequently acquired by a mortgagor inures to the benefit of a mortgagee whose debt is still existing and enforceable. This court has already answered in the affirmative in *Osborn v. Scottish-American Co.*, 22 Wash. 83, 60 Pac. 49, and *Weber v. Laidler*, 26 Wash. 144, 66 Pac. 400, 90 Am. St. 726. See, also, §§ 10554, 10555, 10571, Rem. Comp. Stat. [P. C. §§ 1926, 1927, 1930]; *Clark v. Baker*, 14 Cal. 612; *Kirkaldie v. Larrabee*, 31 Cal. 455; *Orr v. Stewart*, 67 Cal. 275, 7 Pac. 693; Wiltsie on Mortgages (3d ed.), vol. 1, §§ 451 and 455; 2 Herman on Estoppel, §§ 895 and 896. Reference is also made to *Gough v. Center*, 57 Wash. 276, 106 Pac. 774.

Our cases of *People's Sav. Bank v. Lewis*, 37 Wash. 344, 79 Pac. 932, and *American Sav. Bank & Trust Co. v. Helgesen*, 64 Wash. 54, 116 Pac. 837, Ann. Cas. 1913A 309, which might be so read as to apply only where the mortgage contains some warranty of title, do not, in fact, commit us to that narrow doctrine, for the effect of a mortgage under § 10550, Rem. Comp. Stat. [P. C. § 1909], is expressly stated and the rule established by § 10571, Rem. Comp. Stat. [P. C. § 1930], applies.

On the strength of the foregoing authorities, the judgment in this case must be reversed and the plain-

tiff allowed to foreclose the mortgage of October 20, 1915.

MAIN, C. J., BRIDGES, HOLCOMB, and MITCHELL, JJ., concur.