[No. 27958. Department Two. August 29, 1940.]

EDITH MARY DAVIS, *as Administratrix, et al., Appellants,* v. JAKE PIETER STARKENBURG *et al., Respondents.*[1]

[1]Reported in 105 P. (2d) 54.

*U. D. Gnagey,* for appellants.

*Fred W. Neal,* for respondents.

JEFFERS, J.—This action was commenced by Joseph T. Pemberton, as guardian *ad litem* of Swan Finney, an incompetent person, against Jake Pieter Starkenburg, Peter J. Starkenburg and Jane Doe Starkenburg, his wife, Fred L. Schaefer and Johanna Schaefer, his wife, to quiet title in plaintiff to eighty acres of land in Whatcom county.

On March 23, 1939, it appearing to the court that Swan Finney had died since this action was commenced, Edith Mary Davis, administratrix of the estate of Swan Finney, deceased, and Ellen Finney and Edith Mary Davis, as real parties in interest and as heirs of Swan Finney, deceased, were by the court ordered substituted as parties plaintiff in this action.

The complaint is based upon the theory that the interest of Swan Finney, deceased, in the property in question has never passed from him. It is alleged that a certain deed to this property, made by Swan Finney to Annie Finney, his wife, on September 3, 1909, was void, for the reason that Swan Finney, at the time of making the deed, was incompetent; that a deed to this property from Annie Finney to Ellen Finney and Edith Mary Davis never passed title to the grantees, for the reason that the deed was never delivered, but was obtained and recorded by the grantees after the death of Annie Finney; that a certain mortgage given by Ellen Finney and Edith Mary Davis to defendants Fred L. Schaefer and wife on this property, which mortgage

was subsequently foreclosed and a sheriff's deed issued to Schaefer and wife, did not deprive Swan Finney of his interest in the property, as Schaefer and wife knew the condition of the title, knew that the deed from Annie Finney to Ellen Finney and Edith Mary Davis had never been delivered, and knew that Swan Finney at all times was an incompetent person; that on June 1, 1937, in the matter of the estate of Annie Finney, deceased, all this property was set aside to Swan Finney, as an award to a surviving spouse.

The answer, while admitting many of the facts as shown by the records of Whatcom county, denies that plaintiffs are entitled to any relief, and alleges that, under the chain of title, defendant Jake Pieter Starkenburg, under and by virtue of a warranty deed from Schaefer and wife, is now the absolute owner of the property and entitled thereto; and defendants, in their cross-complaint, pray that title be quieted in defendant Jake Pieter Starkenburg as against any and all claims made by plaintiffs.

The cause came on for hearing before the court on September 12, 1939; and after hearing testimony and argument of counsel, the court, on September 22, 1939, made and entered a decree quieting title to the property in question in Jake Pieter Starkenburg. Motion for new trial was made by plaintiffs and denied by the court on October 2, 1939, and this appeal by plaintiffs followed.

Appellants contend the court erred, first, in failing to hold that the deed from Annie Finney to Ellen Finney and Edith Mary Davis conveyed no title; second, in holding that Swan Finney was foreclosed of his right to this property by the foreclosure proceeding; third, in not giving effect to the order of June 1, 1937, setting this property aside to Swan Finney; fourth, in not rendering a decree in favor of appellants; fifth, in not

rendering a decree at least in favor of the administratrix as representing the creditors of Swan Finney, deceased; and sixth, in holding immaterial the record of the probate of the Swan Finney estate.

The relevant facts in this case may be stated as follows: On September 3, 1909, Swan Finney, by quitclaim deed, conveyed the property here in question, described as the SE ¼ of the NE ¼ and the NE ¼ of the SE ¼ of section 3, township 40 N. R. 2 E. W. M., Whatcom county, Washington, to his wife, Annie Finney, which deed was recorded September 21, 1909. At and prior to the time of this conveyance, Swan Finney and Annie Finney were husband and wife, and the property above described was community property. The family at this time consisted of Swan and Annie Finney and their two daughters, Ellen Finney and Edith Mary Davis. On June 12, 1913, Annie Finney made and executed a warranty deed to the property in favor of her daughters, above named. This deed was not recorded until May 19, 1923, which was after the death of Annie Finney, she having died May 16, 1923.

Annie Finney left surviving her as her only heirs, her husband, Swan Finney, and the two daughters above mentioned. Ellen Finney immediately asked to be appointed administratrix of her mother's estate, and was so appointed. On December 20, 1923, she filed an inventory of the property of the estate, which did not include the above described property.

April 18, 1924, Ellen Finney, a spinster, and Edith Mary Davis, describing themselves as owners of the property in their own right and as their sole and separate property, having acquired the same by gift from their mother, Annie Finney, mortgaged the property to one G. A. Wright, trustee, to secure the payment of a promissory note for one thousand dollars. Thereafter, and on April 23, 1924, G. A. Wright assigned the

mortgage to Doctor Katherine S. Gloman. On October 15, 1924, in order to obtain funds to pay off the Gloman mortgage, Ellen Finney and Edith Mary Davis borrowed $1,800 from respondents Fred and Johanna Schaefer, and to secure a note for the above amount, gave them a mortgage on the property hereinbefore described, and also on lot 15, block 139, Town of New Whatcom. Before making this loan and accepting the note and mortgage, Schaefer and wife had the title to the property first above described examined by an attorney, one H. C. Thompson, from whose opinion it appeared that title was vested in Ellen Finney and Edith Mary Finney Davis. Schaefer and wife, prior to making the loan, were not informed and did not know that there was any question about this title.

February 24, 1930, Ellen Finney and her sister gave another mortgage on this property to Citizens Bank of Ferndale, to secure the sum of $2,135.

On September 11, 1930, Fred L. Schaefer and wife instituted an action against Ellen Finney, Edith Mary Davis, Citizens Bank of Ferndale, and others, to foreclose their mortgage. At the instance of Ellen Finney, on September 29, 1930, one C. A. Horst was appointed general guardian of Swan Finney, an incompetent person, and thereafter Mr. Horst, as such guardian, appeared in the foreclosure action with Ellen Finney and Edith Mary Davis, being represented by attorneys Baldrey & Kenyon, and filed an answer, wherein they made certain denials of the allegations of the complaint and asked that the mortgage be declared null and void as to lot 15, block 139, Town of New Whatcom, for the reason that the lot was included in the mortgage by mistake and was not, at the time the mortgage was given, the property of the mortgagors, but was property of the estate of Annie Finney, deceased, and had been set aside to Swan Finney in that estate. No spe-

cific claim was made by the guardian in the foreclosure proceedings to the other property covered by the mortgage, which is the property involved herein, and to which claim is now being made.

The foreclosure action proceeded to trial, and thereafter the court entered a decree in favor of Schaefer and wife as to the property here in question, but held that the mortgage was not a lien on lot 15, block 139, Town of New Whatcom, that property having been set aside to Swan Finney in his wife's estate, except for the amount of certain taxes paid on the lot by respondents. The decree further provided:

"It is further ordered, adjudged and decreed that the defendants Ellen Finney, a spinster and Edith Mary Finney Davis, Citizens Bank of Ferndale, R. Bowler and E. A. Brado and Helen Brado, co-partners doing business as Brado's Paint Store, and C. A. Horst, guardian of Swan Finney, mentally incompetent, and each of them, and all persons claiming by, through or under them or any of them . . . be foreclosed and barred of and from any right in and to the property herein described . . . except as herein set forth [referring to lot 15 which had been held by the decree to be the property of Swan Finney]."

No appeal was ever taken from this decree, and it was approved as to form by Baldrey & Kenyon, attorneys for the guardian and Ellen Finney and Edith Mary Davis. Thereafter, pursuant to the regular procedure provided in foreclosure actions, this property was advertised for sale and was bid in by Schaefer and wife. The sale was duly confirmed, and thereafter, on January 19, 1932, a sheriff's deed was issued to Schaefer and wife and recorded on the same day.

October 21, 1936, Fred L. Schaefer and Johanna Schaefer, his wife, made, executed and delivered a warranty deed to the premises in question to Jake Pieter Starkenburg, who has since held title to the property

and paid taxes thereon. On June 1, 1937, this property was set aside to Swan Finney, as the surviving spouse, in the estate of Annie Finney, deceased.

It was after the happening of all these events that the present action was instituted, which was some thirteen years after the execution of the mortgage by Ellen Finney and her sister to the Schaefers, and more than seven years after the entry of the decree in the foreclosure proceedings.

We have heretofore set out the contentions of appellants, and the bases of such contentions, as shown by the complaint. However, we do not deem it necessary, in view of the conclusion reached relative to appellants' second assignment of error, to discuss the contentions relative to the deeds from Swan to Annie Finney, and from Annie Finney to Ellen Finney and Edith Mary Davis, other than to say that, after an examination of this record, we are of the opinion that the testimony does not establish that Swan Finney was incompetent to make the deed to his wife on September 3, 1909, and we also have grave doubts, regardless of the testimony of Ellen Finney and Edith Mary Davis, as to whether or not it was established that the deed from Annie Finney to her two daughters was not delivered. However, we will assume that it was established that this deed was not delivered, and what we shall subsequently say is based upon that assumption.

Conceding, then, that on May 16, 1923, the date of the death of Annie Finney, Swan Finney became vested with a one-third interest in this property, and that Ellen Finney and Edith Mary Davis became vested with a two-thirds interest, the property, by the deed from Swan to Annie Finney, having become the separate property of Annie Finney, we now come to the controlling question in this case, namely: Was such interest as Swan Finney had, or the administratrix of

his estate now claims to have, in this property divested by the foreclosure proceedings?

Before discussing this question, we desire to state that, while Ellen Finney and Edith Mary Davis do not seriously contend in their brief that they had, at the time this action was instituted, or now have, any interest in this property in their sole and separate rights, but contend chiefly that possession of the property should be quieted in Edith Mary Davis, as administratrix of the estate of Swan Finney, deceased, as against each and all of these respondents, yet, in their complaint, appellants ask that title of appellants Ellen Finney and Edith Mary Davis be quieted and confirmed as against each and all of the respondents.

We are clearly of the opinion that all the right, title, and interest which Ellen Finney and Edith Mary Davis had at the time the mortgage was given was divested and foreclosed by the decree in the foreclosure proceedings; and we are also of the opinion that, Ellen Finney and Edith Mary Davis having represented themselves to be the owners of the property, and having given the mortgage as such owners to the Schaefers, any interest to this property which thereafter may have been acquired by them through the death of their father, would immediately inure to the Schaefers, and through the Schaefers to Jake Starkenburg. So, regardless of whether we should or should not hold that Swan Finney, at the time of his death, still had an interest in this property, neither Ellen Finney nor Edith Mary Davis would have an interest therein, in her sole and separate right, which could be asserted against respondents. Rem. Rev. Stat., § 10571 [P. C. § 1930]; *Osborn v. Scottish-American Co.,* 22 Wash. 83, 60 Pac. 49; *Weber v. Laidler,* 26 Wash. 144, 66 Pac. 400, 90 Am. St. 726; *Peoples Sav. Bank v. Lewis,* 37 Wash. 344, 79 Pac. 932; *Gough v. Center,* 57 Wash. 276, 106 Pac. 774.

█ It is the contention of appellants that the interest of Swan Finney in this property, having been acquired prior to the execution of the mortgage, was a title superior to that asserted by respondents, and that therefore this title could not be and was not litigated and determined in the foreclosure proceeding. It is true, as contended by appellants, that, in *California Safe Deposit & Trust Co. v. Cheney Electric L., T. & P. Co.*, 12 Wash. 138, 40 Pac. 732; *Murdoch v. Leonard*, 15 Wash. 142, 45 Pac. 751; *Kizer v. Caufield*, 17 Wash. 417, 49 Pac. 1064; *Oates v. Shuey*, 25 Wash. 597, 66 Pac. 58, and *Seattle Trust Co. v. Cameron*, 100 Wash. 92, 170 Pac. 379, we announced the rule to be that the only proper parties to a foreclosure action are the mortgagor, the mortgagee, and those who have acquired any interest from either of them, subsequent to the mortgage. It is, however, also true that, in *Pennsylvania Mortgage Inv. Co. v. Gilbert*, 13 Wash. 684, 43 Pac. 941, 45 Pac. 43; *Oates v. Shuey, supra; Coolidge v. Schering*, 32 Wash. 557, 73 Pac. 682, and *Graham v. Smart*, 42 Wash. 205, 84 Pac. 824, we recognized an exception to the above rule, to the effect that, where one appears in a foreclosure action and voluntarily submits the question of paramount title for determination, such one is bound by the decision thereon. In *Johnson v. Irwin*, 16 Wash. 652, 48 Pac. 345, we held that, in a suit to foreclose a mortgage, the plaintiff was entitled to the trial of an issue raised as to whether the title to the premises asserted by a defendant other than the mortgagor was acquired prior or subsequent to the execution of the mortgage, and that a defendant claiming paramount title cannot, after trial, raise the objection that he should have been dismissed on the ground that he asserted paramount title.

█ No case has been called to our attention, nor do we think one can be found, holding that, where a party

appears in a foreclosure proceeding and voluntarily questions the validity of the mortgage, especially contending that he has a title superior to that of the mortgagor in part of the mortgaged property, and asks for affirmative relief, and where the court, after a full hearing, grants affirmative relief to the party so appearing, as to part of the mortgaged property, and decrees that such party has no right, title, or interest in the balance of the mortgaged property, such party can, in a subsequent action, claim that his title as to all the property covered by the mortgage was not litigated and determined in the foreclosure action.

In our opinion, Swan Finney, having appeared in the foreclosure proceedings, by his general guardian, and having voluntarily raised the question of his superior title to a part of the mortgaged premises, was bound to raise in the foreclosure proceedings any and all questions concerning the property involved which could have been raised at that time, and after accepting affirmative relief in that action, the administratrix of his estate cannot now claim that all the right, title, and interest of Swan Finney to the property here in question was not litigated in the foreclosure proceeding, and determined by the decree entered in that action.

We are clearly of the opinion that the decree entered in the foreclosure action is *res adjudicata* of the question now sought to be raised by the administratrix of the estate of Swan Finney in this action. See *Currier v. Perry*, 181 Wash. 565, 44 P. (2d) 184; *Large v. Shively*, 194 Wash. 608, 79 P. (2d) 317, 82 P. (2d) 793; *Youngquist v. Thomas*, 196 Wash. 444, 83 P. (2d) 337, 87 P. (2d) 1120. While the cases last cited do not present factual situations such as appear in the instant case, we are of the opinion the cited cases announce rules applicable to the instant case, on the

question of *res adjudicata*. We desire especially to
call attention to the *Youngquist* case, *supra*.

We are also of the opinion that the decree of June 1,
1937, in the Annie Finney estate, setting aside this
property to Swan Finney, is null and void, for the
reason that, at that time, the estate of Annie Finney
had no interest in this property.

Appellants also raise the further question that
Swan Finney, not having been personally served
with summons in the foreclosure proceeding, was not
bound by the voluntary appearance of his general
guardian. Under Rem. Rev. Stat., § 238 [P. C. § 8450],
a voluntary appearance of a defendant is equivalent
to a personal service of summons upon him.

In the following cases, the rule is announced that
a judgment against an incompetent person, rendered
in an action wherein his general guardian appears for
him, is binding, though no summons was served on
the incompetent: *Redmond v. Peterson*, 102 Cal. 595,
36 Pac. 923, 41 Am. St. 204; *Fresno Estate Co. v. Fiske*,
172 Cal. 583, 157 Pac. 1127. We are of the opinion
that the court obtained jurisdiction in the foreclosure
proceeding, by the appearance of the general guar-
dian of Swan Finney, and that, under the facts of
this case, Swan Finney was bound by the decree
therein rendered.

The judgment is affirmed.

BLAKE, C. J., BEALS, STEINERT, and DRIVER, JJ., con-
cur.