**In re Edward Francis MURIN, Debtor.**

**No. 01–01506–BHC–RJH.**

United States Bankruptcy Court,
D. Arizona.

Sept. 17, 2002.

Gregory A. Ring, Esq., Bullhead City, AZ, for Debtor.

Edward J. Maney, Esq., Phoenix, AZ, for Chapter 13 Trustee Russell Brown.

## OPINION

RANDOLPH J. HAINES, Bankruptcy Judge.

Tim Monahan ("Monahan") objects to confirmation of Edward Murin's ("Murin") proposed Chapter 13 plan and requests the Court deny confirmation and either convert to Chapter 7 or dismiss the case with prejudice with a 180 day bar against the refiling of any other bankruptcy petition pursuant to 11 U.S.C. § 109(g).[1]

For the reasons stated below, the Court concludes that real property held by husband and wife in joint tenancy with right of survivorship is separate property and not community property under Arizona law. Consequently a deed of trust granted by one spouse, not joined by the other spouse, may be effective to impose a lien on that spouse's entire interest after a divorce. Because Murin's plan fails to treat Monahan's claim as a secured claim, confirmation must be denied.

### Background Facts

The following facts are undisputed.

Monahan and Murin entered a joint venture/partnership agreement to purchase some real property. Monahan financed the project and advanced over $50,000 towards the purchase and construction of improvements. Murin was to manage the project and perform most of the construction work. Instead of using Monahan's funds for property improvements, howev-, er, Murin embezzled and diverted the funds for his own personal use and to pay living expenses. As a result, there were no funds available to make the mortgage payments and the property was lost in foreclosure.

Murin wrote Monahan a letter acknowledging his debt and agreeing to fully reimburse him. From this agreement, a promissory note and deed of trust were created to provide security for the repayment of the debt. The collateral securing the debt under the deed of trust was Murin's interest in his residence. Murin signed both documents, but his wife ("Mrs. Murin") refused to sign them because she and Murin were in the process of a divorce.

Murin and his wife had purchased their house as joint tenants with right of survivorship along with a third party, Frank Murin, in September of 1995. The joint tenancy deed language specifically states the house was conveyed to "Frank A. Murin, a widower, Edward F. Murin and Kathy Murin, husband and wife not as tenants in common and not as a community property estate, but as joint tenants with right of survivorship." All three parties signed an Acceptance of Joint Tenancy (Deed) affirming their intention to accept the conveyance as joint tenants with right of survivorship.

Murin defaulted on his note to Monahan, and Monahan initiated a trustee's sale of Murin's house. Before Murin's house could be sold, he filed a Chapter 13 bankruptcy petition which stayed the trustee's sale.[2]

---

1. Except as otherwise noted, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330.

2. Murin's first bankruptcy case was dismissed for failure to comply with the standing Chap- ter 13 procedure order entered by the court. Murin later filed a second Chapter 13 bankruptcy petition, initiating this case.

Some time after Murin's note and deed of trust were executed, and prior to this case, Mr. and Mrs. Murin got divorced. Apparently Murin wound up with the house in the divorce, but the record does not reflect what interest he obtained or how and when he obtained it.

### Parties' Arguments

Murin argues that Monahan's claim is unsecured and that the lien did not attach to Murin's home pursuant to Arizona Revised Statutes § 33–452 because Mrs. Murin did not sign the deed of trust. "A conveyance or incumbrance of community property is not valid unless executed and acknowledged by both husband and wife . . . ." Ariz.Rev.Stat. Ann. ("A.R.S.") § 33–452 (West 2000). Monahan responds that any defect in Murin's deed of trust was later cured, when he became divorced, by the doctrine of after-acquired title, pursuant to A.R.S. § 33–703(B). That statute provides: "Title acquired by the mortgagor subsequent to the execution of the mortgage inures to the mortgagee as security as if acquired before the execution."[3] Murin replies that an early Arizona Supreme Court opinion held that "a contract made by one spouse which attempts to incumber community realty, where the other party to the contract knows of the marriage, and that the property affected by the contract was acquired during coverture, is void and not merely suspended . . . ." *Rundle v. Winters,* 38 Ariz. 239, 298 P. 929, 933 (1931). Murin agues that *Rundle* should apply in this case to invalidate Monahan's deed of trust, but Monahan argues that *Rundle* is distinguishable because it applies only to community property, not to property held in joint tenancy. Murin responds that the existence of a joint tenancy deed does not mean the house was not held as community property and subject to the doctrine of *Rundle.*

### Legal Analysis

This case raises two issues: first, whether real property taken by husband and wife as joint tenants with right of survivorship is community property under Arizona law; and second, whether the doctrine of *Rundle* extends to property taken by husband and wife as joint tenants.

 Murin admits that a joint tenancy deed was created and accepted, but argues that it does not mean the house was not held as community property. Although the assumption under Arizona law is that all property acquired by either spouse during marriage is community property, the presumption can be rebutted with clear and convincing evidence. A.R.S. § 25–211; *Bender v. Bender,* 123 Ariz. 90, 597 P.2d 993, 996 (Ct.App.1979). "This presumption can be overcome by evidence that the parties agreed to hold the property as joint tenants, such as a deed showing that the spouses took title to property as joint tenants." *Hanf v. Summers (In re Summers),* 278 B.R. 808, 811 (9th Cir. BAP 2002). "The right of husband and wife to hold property as joint tenants in derogation of our community property statutes has been recognized by this court provided it clearly appears the spouses have agreed that the property should be taken in that manner." *Collier v. Collier,* 73 Ariz. 405, 242 P.2d 537, 540 (1952).

 In *Summers,* the husband and wife purchased real property and took title as joint tenants along with a their adult daughter. *Summers,* 278 B.R. at 810. All three parties were named individually on the deed as joint tenants and all three

**3.** A.R.S. § 33–806(A) accomplishes the same result, in virtually identical language, for deeds of trust.

signed as accepting the interest as joint tenants. *Id.* Those facts are nearly identical to Murin's situation: Murin and his wife took title as joint tenants with a third party relative; all three were individually listed on the deed as joint tenants; and all three signed the deed accepting the property as joint tenants. The *Summers* court recognized that spouses may acquire property as joints tenants, not as community property (regardless of any additional third party joint tenants), and affirmed the bankruptcy court's holding that the property is a joint tenancy property. *Id.* at 814. "[W]hen a husband and wife with community funds take title to property as joint tenants, the form of conveyance destroys the presumption that the property is community and that, consequently, the joint tenancy stands as such, the interest of each spouse being separate property ...." *Id.* at 811 (quoting 15A Am.Jur. 2D *Community Property* § 56 (2000)).

■ In 1995, the Arizona Legislature amended Arizona Revised Statutes § 33–431, making it possible for a husband and wife to take property as community property with right of survivorship. At the time Murin and his wife acquired their home on September 7, 1995, the option to take it as community property with right of survivorship was available, but they agreed instead to take it as joint tenants. The Court therefore finds and concludes that the property was held in joint tenancy, not as community property.

■ Murin relies solely on the *Rundle* doctrine to support his argument that the deed of trust he granted to Monahan was void without his wife's signature. The question is whether that holding would be

extended by Arizona courts to joint tenancy property. The *Rundle* court did not give any policy rationale to support its holding that a contract made by one spouse that encumbers community real property is forever void, and not merely suspended should the contracting spouse later acquire valid separate title. *Rundle,* 298 P. at 933. Moreover, the *Rundle* holding has been generally ignored in Arizona and other states for the past half century. The closest authority relying on *Rundle* is a 1942 New Mexico Supreme Court opinion, which similarly failed to provide any strong policy analysis supporting its result, but instead relied heavily on statutory interpretation. *Jenkins v. Huntsinger,* 46 N.M. 168, 125 P.2d 327 (N.M.1942).

The interest in protecting the non-contracting spouse's share of the community real property seems to be the only possible policy argument supporting the *Rundle* doctrine. But that policy has no application subsequent to divorce where the spouse's interest was protected by the divorce court.[4]

Rather, the more sound policy seems to be that of the dissenting justice in *Jenkins*—even though a conveyance is not immediately effective, it can still be regarded as an agreement or contract to convey, which courts of equity[5] should enforce once the statutory prohibition is no longer effective (*i.e.,* the couple is no longer married). *Jenkins,* 125 P.2d at 335–36. "[T]here is no merit in the contention that if a transfer or conveyance of a husband without his wife's joining, would be void and of no effect, then a contract to make such transfer or conveyance would likewise be void and of no effect." *Id.* at 336. To further support his dissent, the justice cit-

---

4. Indeed, it may not apply even during the marriage to the separate property joint tenancy interests, but we need not reach that issue on these facts.

5. Bankruptcy courts are courts of equity. *Local Loan Co. v. Hunt,* 292 U.S. 234, 240, 54 S.Ct. 695, 78 L.Ed. 1230 (1934).

ed a Washington Supreme Court opinion holding that "where a person when conveying land by deed has no title and afterwards acquires title, it inures to the conveyee, *though the original deed be void.*" *Id.* at 337, *quoting Gough v. Center,* 57 Wash. 276, 106 P. 774, 775 (1910). This is the basic philosophy of the doctrine of after-acquired property that Arizona has adopted by statute. A.R.S. §§ 33–703(B) & 33–806(A).

Further, there are no policy reasons supporting the extension of *Rundle* to spouses' non-community property. A court has no reason to intervene and protect a spouse's interest in property that is not shared by the community after a divorce, especially when the spouses have taken unequivocal steps to exempt the property from the protection of community property laws (*i.e.* contracting to accept property as joint tenants). It appears from the deed of trust that Murin intended to give Monahan a lien against the entire house, not just against his interest. Absent the overriding protection of community property law, a court of equity should give effect to that intent.

Consequently the Court finds and concludes that Monahan has a valid and unavoidable lien against the Debtor's house. Monahan's objection to Murin's plan must therefore be sustained, as it fails to treat Monahan's claim as secured.

With regard to Monhan's motion to dismiss with prejudice pursuant to § 109(g), the Court finds Monahan failed to establish either of the two elements required under § 109(g). Subsection (1) does not apply because Monahan has not shown that Murin willfully failed "to abide by the orders of the court, or to appear before the court in proper prosecution of the case." Subsection (2) also does not apply because Monahan has not shown that Murin "requested and obtained the voluntary dis-

missal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title."

## Conclusion

Monahan's claim is a secured claim.

Accordingly,

IT IS ORDERED denying confirmation of the Chapter 13 Bankruptcy Plan;

IT IS FURTHER ORDERED allowing Debtor 30 days to file an amended Plan that provides for Monahan's secured claim. If the Debtor fails to do so, Monahan may lodge an order of dismissal without prejudice.